YECKES-EICHENBAUM, INC., Respondent, *v.* WILSON McCARTHY et al., as Trustees of the Property of Denver and Rio Grande Western Railroad, in Reorganization Proceedings, Appellants.

Argued April 13, 1943; decided May 27, 1943.

*James D. Ewing, William R. McDermott* and *Eugene J. Du Bose* for appellants appearing specially.

*Nelson Trottman* of Chicago, Illinois, and *John B. Doyle* for Charles M. Thomson, as trustee of the property of Chicago and North Western Railway Company, *amicus curiae,* in support of appellants' position.

*Bernard Tomson* for respondent.

RIPPEY, J. The New York City Municipal Court Code (L. 1915, ch. 279, as amd.) provides, so far as material here, that a summons, in a case where the Municipal Court of the City of New York has jurisdiction of the subject matter of the action, may be served upon the defendant within the city of New York in like manner as though the summons issued out of the Supreme Court, provided, that it shall not be served by publication (§ 21) and that the summons, or the summons and complaint, if the complaint is served with the summons, must be filed with proof of service in the office of the clerk in the district where the action or proceeding is pending within three days after service except that, where the summons has not been filed within three days after service, plaintiff may obtain an order providing for the filing of the same *nunc pro tunc* (§ 22). It is also provided that an objection that the court has no jurisdiction of defendant may be taken before answer by filing with the clerk a notice of special appearance accompanied with an affidavit of the party stating in particular the grounds of his objection whereupon a hearing must be had on the objections and, if the objections are sustained by the court, the complaint must be dismissed (§ 88).

Service of the summons and complaint was attempted under the authority of section 229-b of the Civil Practice Act which, so far as material in the form in which it was in effect at the time of the attempted service, reads as follows: " When any natural person or persons not residing in this state shall engage in business in this state, in any action against such person or

persons arising out of such business, the summons may be served by leaving a copy thereof with the complaint with the person in charge of such business within this state, and any summons so served shall be of the same legal force and validity as if served personally on such nonresident person or persons so engaging in business in this state within the territorial jurisdiction of the court from which the summons issues, provided that a copy of such summons and complaint together with a notice of such service upon such person in charge of such business according to the provisions of this section shall be forthwith sent to such nonresident person or persons by registered mail, return receipt requested.''

The plaintiff caused a copy of the summons and verified complaint to be left with William W. Hatton, who was asserted to be the person in charge of the business of the defendants within this State, at 37 Wall Street in the City of New York, on September 12, 1940, and caused to be sent by registered mail, return receipt requested, another copy of the summons and complaint, together with notice of the aforesaid service upon Hatton, addressed to the defendants at 554 Equitable Building, Denver, Colorado. Thereupon a notice of special appearance was filed by defendants, accompanied by affidavits stating the particular grounds of objections to the jurisdiction of the court with respect to the person of the defendants. It was asserted, among other things, that Hatton was not a person in charge of the business of the defendants within the State of New York, that the defendants did not engage in business in this State, that the causes of action referred to in the complaint did not arise out of any business transacted by the defendants in this State and that the defendants had no relation to or connection with the subject matter of the action and facts were presented to sustain such objections. Thereupon the plaintiff moved to dismiss the notice of special appearance. Pending a hearing on the motion, a copy of the summons and complaint was served upon one George R. Kenny, who was claimed by the plaintiff to be a person in charge of the defendants' business in New York State. Later an affidavit was filed by the plaintiff which presented evidentiary facts which indicated only that The Denver and Rio Grande Western Railroad Company, of which the defendants were trustees, was doing business in New

York State and that Kenny was its managing agent. It was then stipulated that an affidavit of such service might be filed in the offices of the Clerk of the Municipal Court *nunc pro tunc* as of September 12, 1940, with the same force and effect as if then filed. No claim appears here, directly or by inference, that any attempt has been made to make service upon The Denver and Rio Grande Western Railroad Company, a foreign corporation. Upon the hearing, the objections of the defendants to the jurisdiction of the court were sustained and the complaint was dismissed. The Appellate Term reversed and overruled the objections and the Appellate Division affirmed the order of the Appellate Term.

The plaintiff is a domestic corporation with its principal place of business in the city of New York. The Denver and Rio Grande Western Railroad Company was organized under the laws of the State of Colorado where its principal place of business is located and it was engaged in the carriage of freight and passengers in interstate commerce. Its lines are in the States of Colorado, Utah and New Mexico but do not connect with any railroad operating within the State of New York or extend within that State. On November 1, 1935, an order was made by the United States District Court for the District of Colorado approving the petition of the debtor railroad company in proceedings for reorganization under section 77 of the Bankruptcy Act (U. S. Code, tit. 11, § 205), pursuant to which the debtor was permitted to maintain and operate its property and railroad system pending the appointment of trustees. On November 18, 1935, said court appointed the defendants as trustees of the debtor, each of whom is a resident of the State of Colorado, by an order which gave them possession and control of the business and properties of the railroad company and imposed upon them all the duties and obligations of trustees under the Bankruptcy Act, including, but not by way of limitation, the duty and obligation under court supervision to maintain and operate the railroad system of the debtor. They immediately qualified as such trustees and entered upon the discharge of their duties as such and continued to act in that capacity to the time of the alleged commencement of this action. Neither trustee has a place of business within the State of New York. Neither the railroad

company nor the trustees authorized Hatton or Kenny to accept service of process for them. There is no evidence that either the railroad company or the trustees had authority to do business within the State of New York.

The action is brought to recover from the defendants damages arising out of the alleged breach of contracts, made by defendants in the State of Colorado in August and September, 1938, to transport for four different consignors six car lots of cauliflower from three noncompeting points respectively in the State of Colorado and to deliver the same to specified consignees either at Denver, Colorado, or Kansas City, Missouri. During transit, new consignees were substituted for the original consignees and, in some cases, for the substituted consignees, and the shipments were diverted from time to time over railroad lines other than those of the initial carrier. Finally, at points outside of the State of New York, the plaintiff was substituted as consignee for all shipments and the cars were diverted to New York State where they were received by the plaintiff in due course. None of those transactions, other than the receipt of the cars, occurred within the State of New York.

The debtor corporation maintained a fiscal office at 37 Wall Street in the City of New York for the purpose of maintaining its corporate existence, the presence of its records and the registration and transfer of its stocks and bonds. Transaction of such business was not within the province of the trustees but they bore the expense of continuing the maintenance of the office as an expense of administration. Hatton was the assistant secretary of the debtor in charge of that office but he was not employed by the trustees. He swore in his affidavit that the defendants were not engaged in business in this State and that he was not engaged in or in charge of any business of the defendants in the State. The positive testimony of Hatton, who was in a position to know, must be accepted as conclusive testimony that he was in charge of no business for the defendants as against mere surmise sought from circumstances alone (*Taylor v. Granite State Provident Assn.*, 136 N. Y. 343, 346). The office at 500 Fifth Avenue was maintained by the debtor and the defendants who engaged Kenny and others solely in the solicitation of freight and passenger business for competitive points

outside New York State. That office handled no cash, sold no tickets and issued no bills of lading. Neither did the defendants handle any cash in New York State in connection with transportation business. Assuming that the defendants as trustees stood in the same position as the railroad company, the facts shown here are insufficient to show that the defendants were doing business within the State of New York (*Green* v. *Chicago, B. & Q. Ry. Co.*, 205 U. S. 530) or that Kenny was in charge of any business for them on the basis of which service of the summons on Kenny was sufficient to satisfy the requirements of section 229-b of the Civil Practice Act. The plaintiff was required to show not only that the defendants were doing *a substantial part* of their business in New York (*Holzer* v. *Dodge Brothers*, 233 N. Y. 216, 221), but that the agent in charge was invested with general powers involving judgment and discretion (*Taylor* v. *Granite State Provident Assn., supra*).

The mere fact that the plaintiff is a resident of New York State, while significant, is not conclusive (*Michigan Central R. R. Co.* v. *Mix*, 278 U. S. 492). This is no evidence as to where the loss occurred. The plaintiff alleges in the complaint only that the goods were received in good condition by the initial carrier in Colorado. The presumption is that they continued to be in the same good condition when they left the possession and control of that carrier (*Chicago & Northwestern Ry. Co.* v. *C. C. Whitnack Produce Co.*, 258 U. S. 369). It is the undisputed fact that nothing the defendants or the Denver and Rio Grande Western Railroad Company did or omitted to do in New York State occasioned the loss. There is merely an allegation that when the goods were received in New York City from the final carrier they were found not to be in the same good order and condition as when received by the initial carrier in Colorado and were then found to be in damaged condition. Accordingly, the requirements of section 229-b of the Civil Practice Act were not satisfied since the business, if any, which the defendants may have been doing within the State of New York did not give rise to the causes of action set out in the complaint.

In view of the conclusions reached, it is unnecessary to consider the question as to whether or not the entertainment of jurisdiction within the State of New York would constitute an

undue burden upon interstate commerce or whether section 229-b is constitutional.

The order of the Appellate Division and that of the Appellate Term should be reversed and the judgment of the Municipal Court of the City of New York affirmed with costs in all courts. The first question certified is answered in the negative and the second question is not answered.

LOUGHRAN, LEWIS, CONWAY and DESMOND, JJ., concur; LEHMAN, Ch. J. and FINCH, J., taking no part.

Ordered accordingly.