together, the respective orders of the Special Term, Westchester County, modify the report of the referee by increasing the amount of the finding of value, and confirm the report as modified. Cross appeals are taken by respondents-appellants and the assessors. Orders unanimously affirmed, without costs. No opinion. Present — Lewis, P. J., Carswell, Johnston, Adel and Nolan, JJ. [See *post*, p. 936.]

ETHEL REDMOND et al., Appellants, v. STATEN ISLAND COACH CO., INC., Respondent.— Action by plaintiff Ethel Redmond to recover damages for personal injuries resulting from a fall in an autobus operated by defendant, and by her husband to recover for medical expenses and loss of services. Plaintiffs alleged that defendant maintained the floor of the bus, which sloped toward the rear exit, in a wet, slippery and dangerous condition. Judgment in favor of defendant, entered on a verdict directed by the court, reversed on the law and the facts and a new trial granted, with costs to appellants. It is our opinion that the question of defendant's negligence, under the circumstances established, should not have been decided as a matter of law. (*Richman* v. *Stanley Mark Strand Corp.*, 266 N. Y. 494; *Thompson* v. *Palladino*, 275 N. Y. 633; *Glynne* v. *National. Exhibition Co.*, 204 App. Div. 757.) Hagarty, Carswell and Nolan, JJ., concur; Lewis, P. J., and Johnston, J., dissent and vote to affirm on the ground that no actionable negligence was established.

MORRIS SORRIN, Respondent, v. LIEBERMAN & RIND, INC., Appellant.— In an action to recover damages for personal injuries, order granting plaintiff's motion for leave to serve and file a notice for a jury trial *nunc pro tunc*, affirmed, with $10 costs and disbursements. No opinion. Lewis, P. J., Hagarty, Carswell, Johnston and Nolan, JJ., concur.

MICHAEL WAJTMAN, Appellant, v. WHEELING AND LAKE ERIE RAILWAY COMPANY, Respondent.— In an action to recover damages for personal injuries, brought by a resident of this State against a foreign corporation, order granting the motion of the defendant, appearing specially, to vacate an attempted service of the summons, on the grounds that defendant is not doing business in this State to the extent necessary to subject it to service of process in an action commenced in this State, and that the person served was not a managing agent within the meaning of section 229 of the Civil Practice Act, affirmed, with $10 costs and disbursements. No opinion. Lewis, P. J., Carswell, Johnston, Adel and Nolan, JJ., concur.

. (February 20, 1946.)

In the Matter of a Plan of Readjustment of the Rights of the Holders of Investments in a Mortgage Covering Premises 310 RIVERSIDE BOULEVARD, CITY OF LONG BEACH, Guaranteed by Bond and Mortgage Guarantee Company. (Guarantee No. 170,928.) In the Matter of the BROOKLYN TRUST COMPANY, as Trustee under a Declaration of Trust Dated March 25, 1936, for the Consideration of a Proposed Sale of the Premises Comprising the Trust Estate, Respondent. JESSE N. SCHIFFMAN et al., Appellants; ABRAHAM WERMAN et al., Respondents.— Motion to resettle order denied, without costs. Present — Lewis. P. J., Carswell, Johnston and Nolan, JJ.; Hagarty, J., not voting. [See *ante*, p. 815; *post*, p. 843.]

In the Matter of a Plan of Readjustment of the Rights of the Holders of Investments in a Mortgage Covering Premises 310 RIVERSIDE BOULEVARD, CITY OF LONG BEACH, Guaranteed by Bond and Mortgage Guarantee Company. (Guarantee No. 170,928.) In the Matter of the BROOKLYN TRUST COMPANY, as Trustee under a Declaration of Trust Dated March 25, 1936, for the Con-