MICHAEL WAJTMAN, Plaintiff, v. PENNSYLVANIA RAILROAD COMPANY et al., Defendants. BROOKLYN EASTERN DISTRICT TERMINAL, Third Party Plaintiff, v. CANADIAN NATIONAL RAILROAD, Third Party Defendant. BROOKLYN EASTERN DISTRICT TERMINAL, Third Party Plaintiff-Respondent, v. MAINE CENTRAL RAILROAD COMPANY, Third Party Defendant-Appellant. BROOKLYN EASTERN DISTRICT TERMINAL, Third Party Plaintiff, v. WHEELING AND LAKE ERIE RAILWAY COMPANY, Third Party Defendant.— Appeal by the Maine Central Railroad Company, appearing specially, from an order granting the motion to confirm the report of an Official Referee and denying appellant's motion to vacate service of the third party summons and complaint on it. Order affirmed, with $10 costs and disbursements, with leave to appellant to answer within ten days from the entry of the order hereon. (*Schwartzenberg* v. *Maine Central R. R. Co.,* 258 App. Div. 927.) Johnston, Adel and Sneed, JJ., concur; Nolan, P. J., concurs for affirmance of the order insofar as it grants the motion to confirm the report of the Official Referee, but dissents insofar as the order denies the motion to vacate the service of the third party summons and complaint on the appellant, and votes to grant the motion in that respect and to vacate the service, with the following memorandum: The facts disclosed by the record support the finding that appellant was doing business in the State of New York to such extent as to subject it to the service of process here. Respondent has not established, however, that the person upon whom process was served was a "managing agent" within the meaning of section 229 of the Civil Practice Act. (Cf. *Taylor* v. *Granite State Provident Assn.,* 136 N. Y. 343; *Lillibridge, Inc.,* v. *Johnson Bronze Co.,* 220 App. Div. 573, affd. 247 N. Y. 548; *Yeckes-Eichenbaum, Inc.,* v. *McCarthy,* 290 N. Y. 437; *Wajtman* v. *Wheeling & Lake Erie Ry. Co.,* 270 App. Div. 823.) Carswell, J., dissents and votes to reverse the order, to deny the motion to confirm the Official Referee's report and to grant the motion to vacate the service, on the authority of *Yeckes-Eichenbaum, Inc.,* v. *McCarthy* and *Wajtman* v. *Wheeling & Lake Erie Ry. Co. (supra).* [See *post,* p. 995.]

## (November 22, 1948.)

MARGARET V. BAILEY et al., Respondents, v. ISIDORE LIPSHUTZ et al., Individually and as Copartners Doing Business under the Name of LIPSHUTZ & GUTWIRTH, Appellants.— Motion referred to the court that rendered the decision. Present — Nolan, P. J., Johnston, Adel, Sneed and Wenzel, JJ. On the court's motion the decision of this court handed down October 4, 1948 (*ante,* p. 887), is amended to read as follows: In an action to recover damages for personal injuries suffered by plaintiff wife when she fell into a window well because of the collapse of an iron grating which covered it, and by her husband for expenses and loss of services, judgment for plaintiffs, entered on the verdict of a jury, reversed on the law, without costs, and the complaint dismissed on the law, with costs. The findings of fact implicit in the verdict are affirmed. The injured plaintiff was at most a bare licensee at the place where she fell. Under the circumstances, plaintiffs failed to establish actionable negligence on the part of defendants. (*Gillen* v. *Home Owners' Loan Corp.,* 287 N. Y. 781; *Higgins* v. *Mason,* 255 N. Y. 104, 109; *Vaughn* v. *Transit Development Co.,* 222 N. Y. 79.) The order is resettled accordingly. Johnston, Acting P. J., Adel, Nolan, Sneed and Wenzel, JJ., concur.