HARRY M. ELISH et al., Respondents, *v.* ST. LOUIS SOUTHWESTERN RAILWAY COMPANY, Appellant, et al., Defendants.

SAMUEL M. KOENIGSBERG et al., as Executors of ELISHA M. FRIEDMAN, Deceased, Suing on Behalf of Themselves and Other Holders of Common Stock of ST. LOUIS SOUTHWESTERN RAILWAY COMPANY, Respondents, *v.* ST. LOUIS SOUTHWESTERN RAILWAY COMPANY, Appellant, et al., Defendants.

First Department, May 20, 1952.

*Mark F. Hughes* of counsel (*Vincent R. FitzPatrick* with him on the brief; *Willkie Owen Farr Gallagher & Walton,* attorneys), for appellant.

*Abraham K. Weber* for Harry M. Elish, Carl Rosenberger, *et al.,* respondents.

*Milton Paulson* for Samuel M. Koenigsberg, Samuel Friedman, *et al.,* respondents.

HEFFERNAN, J. Defendant, St. Louis Southwestern Railway Company (hereafter referred to as the Cotton Belt), appeals in both of these actions from orders denying its motions to vacate service of the summons and complaint and to dismiss the complaint.

The sole issue on these appeals is whether defendant is doing business in the State of New York to such an extent as to be amenable to service of process here.

Action No. 1 is a suit in equity to nullify the declaration by defendant of a dividend on its preferred stock and to enjoin the payment of this dividend and also to enjoin defendant from prosecuting a certain interpleader suit in Missouri to determine the rights of defendant's stockholders to such dividend.

Action No. 2 is to enjoin defendant from paying the aforesaid dividend on its preferred stock on the ground that such payment would violate the rights of the common stockholders of defendant.

Defendant is a corporation of the State of Missouri engaged in the business of operating a railroad known as the Cotton Belt Line. It has never qualified to do business in the State of New York. Its railroad operates in the States of Texas, Missouri, Arkansas, Illinois, Tennessee and Louisiana. Its main office is located in St. Louis, Missouri, and it is there that its financial records, books of account and operational records are kept and maintained. The most easterly terminus of the railroad line is in the city of St. Louis, Missouri, and it has no lines or rights of way anywhere within the State of New York. It operates no through passenger or freight trains from outside of the State of New York into this State or vice versa. It has an office in New York City and one in Buffalo confined to freight solicitation. These offices do not issue bills of lading; do not accept or collect any freight charges; and do not adjust or settle claims for losses or overcharges as such claims must be forwarded to the main office for disposition; nor do they solicit any passenger traffic. Neither of these offices engages in cash transactions. The salaries of the persons employed in both offices are paid by drafts upon the Mercantile Trust Company of St. Louis, Missouri, which are forwarded to the employees at the respective offices. Cotton Belt has another office in New York in which two persons are employed. This office is maintained for the purpose of facilitating the transfer of the common and preferred stocks of the company which are listed on the New York Stock Exchange. This office maintains a small account with the Guaranty Trust Company of New York

which it uses to pay the rent on the stock transfer office and the expenses incidental thereto. The average monthly balance in this account in 1951 was $546.28. It is the only bank account maintained by Cotton Belt in New York although there are funds on deposit with three trustee institutions here for the sole purpose of meeting payments on Cotton Belt bonds. There is a minimum of four meetings of the board of directors of Cotton Belt per year and between six or eight meetings of the board's executive committee. One of the meetings of the board of directors is held in New York. None of its executive committee meetings is held here.

On these facts we are satisfied that the activities of the Cotton Belt in this State amount in substance to nothing more than the solicitation of freight traffic for transportation over its lines in the southwestern United States. In these circumstances and in the light of the following authorities we have reached the conclusion that defendant was not doing business within this State at the time of the commencement of these actions and consequently was not subject to the process of our courts (*Worthy* v. *Louisville & Nashville R. R. Co.*, 276 App. Div. 1068; *Green* v. *Chicago, Burlington & Quincy Ry.*, 205 U. S. 530; *Yeckes-Eichenbaum, Inc.*, v. *McCarthy*, 290 N. Y. 437, motion for reargument denied 291 N. Y. 642).

The orders appealed from should be reversed on the law and defendant's motions to dismiss the complaints granted, with costs.

Peck, P. J., Callahan and Bergan, JJ., concur.

Orders unanimously reversed and defendant's motions to dismiss the complaints granted, with costs. Settle order on notice. [See *post*, p. 777.]