HARRY M. ELISH et al., Appellants, *v.* ST. LOUIS SOUTHWESTERN RAILWAY COMPANY, Respondent, et al., Defendants.

Submitted February 26, 1953; decided May 21, 1953.

*Abraham K. Weber* for appellants. The cumulative effect of the activities of Cotton Belt in New York establish that said railroad is doing business in New York sufficient to make it

amenable to process. (*Tauza* v. *Susquehanna Coal Co.,* 220 N. Y. 259; *International Text Book Co.* v. *Tone,* 220 N. Y. 313; *International Harvester* v. *Kentucky,* 234 U. S. 579; *Sterling Novelty Corp.* v. *Frank & Hirsch Distr. Co.,* 299 N. Y. 208; *Chaplin* v. *Selznick,* 293 N. Y. 529; *Pine & Co.* v. *McConnell,* 273 App. Div. 218, 298 N. Y. 27; *Pomeroy* v. *Hocking Valley Ry. Co.,* 218 N. Y. 530; *Kilpatrick* v. *Texas & P. Ry. Co.,* 166 F. 2d 788; *Rothenberg* v. *Western Pacific R. R. Co.,* 206 App. Div. 52; *Green* v. *Chicago, Burlington & Quincy Ry.,* 205 U. S. 530; *Hutchinson* v. *Chase & Gilbert, Inc.,* 45 F. 2d 139; *Barnett* v. *Texas & P. Ry. Co.,* 145 F. 2d 800; *Yeckes-Eichenbaum, Inc.,* v. *McCarthy,* 290 N. Y. 437; *Worthy* v. *Louisville & Nashville R. R. Co.,* 276 App. Div. 1068.)

*Mark F. Hughes* and *Vincent R. Fitz Patrick* for respondent appearing specially. Respondent was not doing business within New York at the commencement of this action and was not amenable to service of process in New York. (*Green* v. *Chicago, Burlington & Quincy Ry.,* 205 U. S. 530; *Phila. & Reading Ry. Co.* v. *McKibbin,* 243 U. S. 264; *Maxfield* v. *Canadian Pacific Ry. Co.,* 70 F. 2d 982, 293 U. S. 610, 632; *St. Louis S. W. Ry.* v. *Alexander,* 227 U. S. 218; *Commercial Mutual Accident Co.* v. *Davis,* 213 U. S. 245; *Lumbermen's Insurance Co.* v. *Meyer,* 197 U. S. 407; *Yeckes-Eichenbaum, Inc.,* v. *McCarthy,* 290 N. Y. 437; *Worthy* v. *Louisville & Nashville R. R. Co.,* 79 N. Y. S. 2d 588, 276 App. Div. 1068; *International Harvester* v. *Kentucky,* 234 U. S. 579; *Tauza* v. *Susquehanna Coal Co.,* 220 N. Y. 259; *Pine & Co.* v. *McConnell,* 298 N. Y. 27; *Sterling Novelty Corp.* v. *Frank & Hirsch Distr. Co.,* 299 N. Y. 208.)

Lewis, Ch. J. The single question presented by this appeal is whether the defendant-respondent St. Louis Southwestern Railway Company, a Missouri corporation not qualified to do business in this State — known and hereinafter referred to as the " Cotton Belt Line " — is conducting business in the State of New York to such an extent as to be legally amenable to process served in this action.

At Special Term it was ruled that Cotton Belt Line is doing business in this State to such an extent as to bring the corporation within the jurisdiction of the court. At the Appellate Divi-

sion, where the order of Special Term was reversed and the service of process vacated, the court based its ruling (280 App. Div. 215) upon the following facts: That none of Cotton Belt Line's trains operate in this State; that none of its New York State offices issue bills of lading in the normal course of freight business; that none of its officers accept or collect freight charges, adjust claims or solicit passenger traffic; and that the salary checks of its New York employees are drawn on a St. Louis bank.

The items of proof upon which the Appellate Division based its decision are factors to be considered. In addition, however, we find in the record evidence of corporate activities within this State by Cotton Belt Line which we regard as more than casual or occasional, and so systematic and regular as to manifest " continuity of action from a permanent locale ". (*Sterling Novelty Corp.* v. *Frank & Hirsch Distr. Co.*, 299 N. Y. 208, 210.)

Although mere solicitation of business by a foreign corporation within this State may be insufficient to make it subject to the jurisdiction of our courts (*Green* v. *Chicago, Burlington & Quincy Ry.*, 205 U. S. 530, 533–534; *Yeckes-Eichenbaum, Inc.*, v. *McCarthy*, 290 N. Y. 437, 443–444), nevertheless, " solicitation * * * plus some additional activities there* are sufficient to render the corporation amenable to suit * * *." (*International Shoe Co.* v. *Washington*, 326 U. S. 310, 314.) (Emphasis supplied.)

Cotton Belt Line does not deny that it solicits freight business from one of its two offices maintained in New York City and from the single office it maintains in Buffalo. Indeed, from an affidavit by the corporation's president read into the record it appears that " One of the New York City offices located at 331 Madison Avenue, is a freight solicitation office. * * * The activities of this office and the persons employed therein are confined wholly to the solicitation of freight in and about the metropolitan area for trans-shipment upon the lines of the Cotton Belt after routing through the lines of other carriers ". As to the Buffalo office the same affiant stated for the record herein — " The office in Buffalo is located at 201 Ellicott Square and is also a freight solicitation office. * * * Here again, the office is confined to freight solicitation." The corporation's

letterhead for its office at 331 Madison Avenue in New York City states that at that address is its " Traffic Department " and names its " Eastern Traffic Manager ", its " General Agent " and two " Commercial Agents ".

The Cotton Belt Line office at 165 Broadway in New York City, which is in charge of a vice-president who is also secretary and assistant treasurer of the corporation, is listed in the Manhattan telephone directory as an " Executive office ", and in the " Official Guide of the Railways " as one of the corporation's three " General Offices " — the other two being described as located in " Cotton Belt Bldg., 4th and Pine Sts., St. Louis, Mo." and " Cotton Belt Bldg., Tyler, Tex."

There is also evidence, which stands uncontradicted, that at the corporation's office at 165 Broadway it conducts business transactions which relate themselves to its financial structure. For example, in making an offer for tenders of certain of its bond issues Cotton Belt Line inserted advertisements in New York City newspapers which stated that tenders should be sent to the corporation's secretary at the company's office at 165 Broadway. It also appears from an affidavit by the corporation's vice-president and secretary that there are held each year a minimum of four meetings of the board of directors, of which one is held in New York. As to that one meeting concededly held each year in New York, we regard as apposite a statement in the opinion (per HISCOCK, J.) written in *Pomeroy* v. *Hocking Valley Ry. Co.* (218 N. Y. 530, 536) — where this court considered a kindred problem — " It must be assumed that when its board of directors   *   *   *   were meeting in the state of New York they were there exercising supervision over its management and business and providing for the successful transaction of the latter;" and further that when, as in the case at hand, the secretary had his office in the city and State of New York " *   *   * it was for the purpose of discharging duties which were incidental and necessary to the transaction of its business ".

Knowing, as we do, that " All that is requisite is that enough be done to enable us to say that the corporation is here " (*Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259, 268) we think it clear, from the record before us, that when to solicitation of freight business is added evidence of its other proven business activities

conducted in this State, Cotton Belt Line is " here ". " To do these things is to do business within this state in such a sense and in such a degree as to subject the corporation doing them to the jurisdiction of our courts." (*Tauza* v. *Susquehanna Coal Co., supra,* p. 266; and see *Chaplin* v. *Selznick,* 293 N. Y. 529.)

The judgment of the Appellate Division should be reversed and the order of Special Term affirmed, with costs in this court and in the Appellate Division.

CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur; LOUGHRAN, Ch. J., deceased.

Judgment accordingly. [See 305 N. Y. 824.]