THOMAS RICE et al., Respondents, v. DREIER STRUCTURAL STEEL CO., INC., Appellant, et al., Defendant.— In an action to recover damages for personal injuries, the appeal is from an order granting respondents' motion for a preference (Rules Civ. Prac., rule 151). Order affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.

ALFRED RONDINELLI, Respondent, v. CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, Appellant, et al., Defendants.— Appeal from so much of two orders as respectively (1) granted respondent's motion to confirm the report of an Official Referee finding that appellant is so doing business in New York as to be amenable to service of domestic process and denied appellant's motion to set aside the service of the summons and dismiss the complaint, and (2) denied appellant's cross motion to disaffirm the said report and finding and appellant's said motion to set aside the process. Orders, insofar as appealed from, affirmed, with $10 costs and disbursements. In our opinion, it was properly held that appellant was systematically and regularly conducting continuous business in the State of New York from permanent locations. The daily maintenance by appellant, a foreign railroad corporation, of two offices in this State for solicitation of freight and passenger traffic for its lines which operate west of Chicago, the occasional collection of money for forwarding to the main office in Chicago, its ownership of office equipment, and the refunding of fares on unused tickets, "plus" its almost constant earning of income by reason of the daily presence of its freight cars in this State, even though they be under control of other carriers on their local lines, constituted a sufficient showing of doing business, under the expanding concept of local jurisdiction over foreign corporations (*Elish* v. *St. Louis Southwestern Ry. Co.*,

305 N. Y. 267, 269; *Martino* v. *Golden Gift*, 4 A D 2d 694; *Dodd* v. *Rahway Valley Co.*, 150 F. Supp. 599; *Gries* v. *Central Vermont Ry.*, 3 A D 2d 667; *Berner* v. *United Airlines*, 2 Misc 2d 260, affd. 3 A D 2d 9; *Goodman* v. *Pan Amer. World Airways*, 1 Misc 2d 959, affd. 2 A D 2d 707; *International Shoe Co.* v. *Washington*, 326 U. S. 310; *Perkins* v. *Benguet Mining Co.*, 342 U. S. 437; *McGee* v. *International Life Ins. Co.*, 355 U. S. 220). Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur; Nolan, P. J., dissents and votes to reverse the orders, to deny respondent's motion to confirm the report, to grant appellant's cross motion to disaffirm the report, and to grant appellant's motion to set aside the service of the summons and dismiss the complaint, with the following memorandum: The evidence adduced is insufficient to sustain the determination that appellant is doing business in this State to such extent as to be amenable to process in this action (cf. *Yeckes-Eichenbaum* v. *McCarthy*, 290 N. Y. 437; *Wajtman* v. *Wheeling & Lake Erie Ry. Co.*, 270 App. Div. 823; *Worthy* v. *Louisville & Nashville R. R. Co.*, 276 App. Div. 1068; *Ruth* v. *Rock Is. R. R. Co.*, 157 N. Y. S. 2d 141).