Fbakcis X. Conlon, J.
TMs is a motion by defendant corporation to confirm a Referee’s report to the effect (1) that the corporation was not doing business here to such extent as to be subject to the service of process here and (2) that the person served was not an officer or agent upon whom service could properly be made.
The corporation is represented in this State by defendant Murray, who receives as Ms compensation a percentage of the total amount of orders solicited by salesmen (hired and paid by Murray) wMch are accepted at and filled from North Carolina, the State of defendant’s incorporation. One of the lines of furniture manufactured by the corporation was designed by a Milo Baughman. Murray was the “ exclusive national sales representative ’ ’ of the corporation for the furniture designed by Baughman. Murray hired Baughman and other designers, as well as all salesmen who solicited orders for the line throughout the country, and also all clerical help needed by Murray in connection with the office maintained by him in this State. Murray paid the designers, the salesmen, the rent, and the clerical help. The difference between the amounts paid and Murray’s percentage of the orders obtained by the salesmen, wMch the corporation accepted and sMpped, constituted Murray’s profit. Murray also hired publicity men to advertise the Baughman line and paid the entire cost of advertising the line. All the corporation did as to the Baughman line was to (1) manufacture furmture in accordance with the designs of persons Mred by Murray, (2) ship it in compliance with orders obtained through persons employed by Murray, and (3) receive payment from the purchasers. The entire designing and advertising of the Baughman line, as well as the obtaining of orders therefor, was exclusively handled by Murray for *166 the entire United States. The salesmen used the corporation’s catalogue in soliciting orders. The corporation had, at the time, issued lists of Murray’s salesmen and the amounts of the sales made by each, but Murray had caused this practice to be stopped because it might give a salesman knowledge which would help a competitor for whom the salesman might work thereafter. But for Murray’s activities, the Baughman line of furniture could neither be manufactured nor sold by defendant, unless the latter were to employ designers and salesmen. In the years 1955 and 1956 the sales made through Murray were in the neighborhood of $1,000,000 each year. Murray at times used stationery bearing the name of the corporation and referring to 6 ‘ Distribution by Dave Murray ’ ’. Annexed as exhibits to plaintiff’s affidavit, in opposition to the motion to set aside service, are bills sent out by the corporation itself, which bear the words “ Distribution by Dave Murray ”.
Although it is settled that the mere solicitation of orders which do not become contracts unless and until they are accepted outside the State is not, by itself, sufficient to constitute doing business within the State for jurisdictional purposes, it is equally well established that very little additional evidence of the corporation’s presence or activities in the State is necessary to render it amenable to service in the State (International Shoe Co. v. Washington, 326 U. S. 310; Elish v. St. Louis S. W. Ry. Co., 305 N. Y. 267, 269). In the International Shoe case (supra) the only additional activity of the corporation within the State of Washington consisted of the exhibition of samples, sometimes in permanent display rooms, and the salesmen’s residence within the State. In the Elish case (supra) the court said (p. 269): “ ‘ solicitation * * * plus some additional activities there are sufficient to render the corporation amenable to suit.’ ” Under the doctrine of the International Shoe case (supra) due process requires merely that the corporate activities (p. 320) “ establish sufficient contacts or ties with the state of the forum to make it reasonable and just, according to our traditional conception of fair play and substantial justice, to permit the state to enforce the obligations which appellant has incurred there”. (It is to be noted that plaintiff’s cause of action, if she had one, arose in this State.) In the recent case of McGee v. International Life Ins. Co. (355 U. S. 220, 222) decided by the United States Supreme Court on December 16, 1957, this language was quoted with approval. The court declared that ‘ ‘ this Court accepted and then abandoned ‘ consent ’, ‘ doing business, ’ and ‘ presence ’ as the standard for *167 measuring the extent of state judicial power over such [foreign] corporations ’ ’ and that the ‘1 minimum contact ’ ’ test of the International Shoe case (supra) had become the standard or test.
In this court’s opinion, the defendant corporation’s activities here are suffioent to meet the present “ minimum contact ” standard, as well 'as the former standards of “ doing business ” •or “ presence ”. New York is not only the place through which all orders of the Baughman line are solicited for the entire United States, but it is likewise the place where the furniture of that line is designed and where all advertising and publicity personnel as well as clerical help are engaged. Murray’s testimony graphically emphasizes the importance of his activities in this State to the corporation’s business: “they were paying me to do all of the functions except actually make it
The testimony also establishes that Murray was an agent upon whom service could properly be made.
This motion to confirm the report and the pending motion to set aside service are both denied. The movant may answer within 10 days from the service of a copy of this order with notice of entry.