Milton M. Wecht, J.
Motion by defendant appearing specially, for an order vacating and setting aside the service of the summons and complaint herein on the ground that they were not served on a person as required by section 229 of the Civil Practice Act; furthermore, that the court has no jurisdiction over the defendant which was not at the time and is not now doing business within this State.
Defendant contends that David Y. Robinson, who was served with the summons and complaint, was not an officer or agent of the defendant authorized by law or by the corporation to receive legal process in its behalf; that he maintains his office at 295 Madison Avenue, New York, N. Y. as a manufacturer’s representative, representing various manufacturers.
The defendant is a corporation organized under the laws of the State of Delaware and maintains its offices and factory in Racine, Wisconsin. All its officers reside in Wisconsin. All of its books, all of the meetings of the board of directors and 472 of its 480 employees are employed at Racine, Wisconsin, It does not have any officer, director, general manager, managing agent or statutory agent in New York State and has filed no certificate of authority to do business in New York.
It is undisputed from the papers submitted on this motion that the only activity in New York State is that of David Y. Robinson hereinbefore mentioned and another salesman of the defendant whose territory also includes the New England States and New Jersey, but who does not work out of any office located in New York.
Generally, a “ managing agent ” must be some person invested by the foreign corporation with general powers involving the exercise of judgment and discretion as distinguished from an ordinary agent.
There is no precise measure of the nature or extent of local activities which will render a foreign corporation amenable to process in this State; each case must be decided on its own particular facts (Sterling Novelty Corp. v. Frank & Hirsch Distr. Co., 299 N. Y. 208). The solicitation of freight and passenger business in this State by a foreign corporation, without showing some additional activities, is not sufficient to render it amenable to suit in this State (Internatio-Rotterdam v. Holland America Line, 148 N. Y. S. 2d 492).
The case of Elish v. St. Louis Southwestern Ry. Co. (305 N. Y. 267), cited by the plaintiff, must be distinguished from the case at bar. In that case the court said (pp. 270-271): “ [W]e think it clear, from the record before us, that when to solicitation of freight business is added evidence of its other proven business *119 activities conducted in this State, Cotton Belt Line is 6 here ’. ’ ’ The other proven business activities were an office at 165 Broadway, in New York City, in charge of a vice-president who is also secretary and assistant treasurer where dealings in its financial structure took place and where an annual meeting of the board of directors was held. The office was listed in the telephone directory as an executive office and in the Railway Guide as a general office. In this case there is no person within the State of New York upon whom process could be served pursuant to section 229 of the Civil Practice Act, and therefore the court does not have jurisdiction.
Motion is granted. Submit order.