Charles A. Loreto, J.
Upon an application of defendant Panair do Brasil, S. A., appearing specially, to set aside service of a summons on the ground that it is a foreign corporation not subject to process within this State, the court made an order of reference to Honorable Thomas J. Brady, Official Referee, to take testimony as to whether the defendant Panair was doing business in New York through the activities of defendant Pan American World Airways, Inc., its agency in this jurisdiction.
Plaintiff now moves for confirmation of the Referee’s report.
The experienced and learned Referee has thoroughly and painstakingly gone into all facets of the questions raised and has submitted his exhaustive report covering his findings of fact, review of applicable law and his recommendation, which merits quotation. In part his report states:
“It is Panair’s position that the only significant contact it has with Pan American exists by virtue of a traffic and sales agreement whereby Pan American, for a stated commission, acts as general traffic and sales agent for Panair, that this activity amounts to no more than the solicitation in this State *275 by Pan American on behalf of Panair of passenger and cargo business, and that such activity is insufficient to constitute doing business in this State.
‘ ‘ The factors to which defendant adverts are not wholly determinative of the issue. There is no precise test that must be employed to ascertain the nature or extent of the activities of a foreign corporation in this jurisdiction (Tauza v. Susquehanna Coal Co., 220 N. Y. 259; Sterling Novelty Corp. v. Frank & Hirsch Distr. Co., 299 N. Y. 208). It is rather the cumulative effect of all of its activities that will be determinative of the issue (Pine & Co. v. McConnell, 273 App. Div. 218, 223, affd. 298 N. Y. 27).
“ Defendant contends that the general traffic and sales agency agreement is no more than an agreement for the solicitation of international air transportation by one airline over the routes of another airline. I think it goes further. In addition to the solicitation and sale of passenger and cargo transportation, the agent is to make arrangements for transportation of passengers to and from hotels and for hotel accommodations [sic]; it is to furnish advice and information as to clearance, customs and immigration procedures, make local arrangements for advertising and publicity, maintain and operate an adequately staffed local office, perform such acts and check such documents as may be required by applicable governmental laws and regulations, arrange for the presence of government officials as required, furnish catering service and assist in negotiations with government agencies. By Annex 1, forming a part of the agreement, Pan American additionally undertakes to assist Pan air in negotiations with government agencies.
# # #
“ At the time of service of process Panair and Pan American maintained a purchasing agreement (Plf’s exs. 11 & 12) whereby Pan American agreed ‘ we will use our best efforts to purchase lease or otherwise acquire * * * such flight or other equipment, machinery, tools, materials, supplies, gasoline, oil and other goods as you shall designate, ’ and further ‘ All of the purchasing and shipping facilities of our Service and Supply will be available for your use. We will furnish you, upon request, with such advice and assistance with reference to the purchasing and shipping as are available through that Service, which shall include, but not be limited to, advice as to sources of supplies and shipping facilities, assistance in clearance and meeting other government requirements, and other similar advice and assistance.’
*276 “ There is testimony in the deposition of Erwin Balluder that ‘ occasionally men from Brazil — Panair do Brasil men — have been sent to Brownsville and to Miami for indoctrination or training, or whatever you want to call it. ’ Also, it was not unusual for Pan American men to be loaned to Panair. (Plf’s Ex. 22).”
The agency in New York created by Panair went beyond the mere solicitation of international air transportation of passenger and freight by one airline over the routes of another airline and Pan American activities on behalf of Panair constitute doing business in this State.
The court agrees with the law and the finding stated by the Honorable Referee in his report:
“ I think the relationship between Panair and Pan American has been more extensive than the mere solicitation of passenger and cargo business. Upon all the evidence adduced I am of the opinion that the activities of Pan American on behalf of Panair are sufficient to warrant the conclusion that Panair was 6 here ’ at the time of service of process upon it, that for jurisdictional purposes it was doing business in this State and therefore was amenable to suit in this forum. Its activities were neither occasional nor casual but regular and systematic, manifesting ‘ continuity of action from a permanent locale. ’ (Berner v. United Airlines, 2 Misc 2d 260, affd. 3 A D 2d 9, affd. 3 N Y 2d 1003; Elish v. St. Louis Southwestern Ry. Co., 305 N. Y. 267; Sterling Novelty Corp. v. Frank & Hirsch Distr. Co., 299 N. Y. 208; Goodman v. Pan Amer. World Airways, 1 Misc 2d 959, affd. 2 A D 2d 707; Scholnick v. National Airlines, 219 F. 2d 115; Jaftex Corp. v. Randolph Mills, Inc., 282 F. 2d 508; Bomze v. Nardes Sportswear, 165 F. 2d 33.)
“It has been said that mere solicitation of business within the State is not sufficient to constitute doing business here. However, when in addition to solicitation of business there is evidence of other activities, as there is here, enough is shown to render the foreign corporation amenable to process. As was said in Elish v. St. Louis Southwestern Ry. Co. (305 N. Y. 267, 269), 1 Although mere solicitation of business by a foreign corporation within this State may be insufficient to make it subject to the jurisdiction of our courts (Green v. Chicago, Burlington & Quincy Ry., 205 U. S. 530, 533-534; Yeckes-Eichenbaum, Inc., v. McCarthy, 290 N. Y. 437, 443—444), nevertheless, “ solicitation * * * plus some additional activities there are sufficient to render the corporation amenable to suit ’ ’ \ (See, also, Jaftex Corp. v. Randolph Mills, Inc., 282 F. 2d 508, 510.)
*277 “ I do not consider it necessary to rest my conclusion reached here upon some parallel authority involving indentical [sic] facts. (Stark v. Howe Sound Co., 141 Misc. 148, 153, affd. 234 App. Div. 904.) Each case must rest upon its own facts. Nor do I consider it necessary, in concluding that the corporation is doing business here, to find each act of activity was in performance of the principal feature of the business for which the corporation was organized. (Pomeroy v. Hocking Valley Ry. Co., 218 N. Y. 530, 535.) It is the total picture of all of the activities of Pan American in this State on behalf of Panair that compels the conclusion Panair is ‘ here \
“I am not unmindful of the holding of the IT. S. Supreme Court in the landmark case of International Shoe Co. v. Washington (326 U. S. 310, 316), wherein it was said: ‘ due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend ‘ ‘ traditional notions of fair play and substantial justice.” ’ I have no doubt that Panair had at least such minimum contacts with this State that the maintenance of this suit does not offenu traditional notions of fair play and substantial justice.
‘ ‘ Certainly, in the Federal courts the concept of ‘ presence ’ as a standard for measuring the extent of judicial power over a foreign corporation has been succeeded by the concept set forth in International Shoe Co. v. Washington (supra) (McGee v. International Life Ins. Co., 355 U. S. 220). It is unnecessary to reach any conclusion here as to the extent to which the rule enunciated by the IT. S. Supreme Court will be applied by the courts of this State. It is enough to say ‘ the concept of 1‘ doing business ’ ’, even that resting on mere solicitation by salesmen, has been broadened by International Shoe Co. v. Washington ’ (Berner v. United Airlines, 3 A D 2d 9, 13 [opinion by Bergan, J.]).”
The report of the Referee is confirmed. The court concludes that the summons against the Brazilian corporation was personally served in New York and such service gave jurisdiction in personam over it. Accordingly, the main motion to set aside service of process is denied.