**Edward Leroy SWINDELL, Plaintiff,**

v.

**FLORIDA EAST COAST RAILWAY COMPANY, Defendant.**

No. 98 Civ. 6440 (WCC).

United States District Court, S.D. New York.

March 26, 1999.

Edward Leroy Swindell, Millbrook, New York, plaintiff pro se.

Barry N. Gutterman & Associates, New York City (of counsel), for defendant, Ilene J. Feldman.

## OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

This action for personal injuries is before the Court on defendant's motion to dismiss for lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. For the reasons stated hereinafter, the motion is granted.

### BACKGROUND

Plaintiff, Edward LeRoy Swindell ("plaintiff"), a resident of New York, brings this action against the defendant, Florida East Coast Railway ("defendant"), for injuries sustained while employed by defendant. Swindell worked as a laborer for defendant from 1939 to 1952, working exclusively in the state of Florida. Plaintiff claims that while employed by defendant, his work caused him to be exposed to asbestos and other toxic substances, causing him permanent physical and emotional injury. Plaintiff claims that the extent of these injuries was not discovered until 1997. This action seeks compensatory and punitive damages for such injuries.

Defendant asserts and plaintiff does not contest the following relevant facts. Defendant is a railway company and has its headquarters in St. Augustine, Florida. Defendant is a corporation duly established pursuant to the laws of the state of Florida; it is not incorporated under New York law nor registered to do business in the state of New York. Defendant does not have in the state of New York any office or place of business, mailing address, telephone, or bank accounts.

Plaintiff contends, however, that defendant is responsible for transporting persons and goods in and out of New York. He further argues that defendant previously maintained both freight and passenger agents in New York. Thus, for example, a passenger could go to a travel agent or train station in New York and purchase a ticket for passage on defendant's trains. Finally, plaintiff alleges that defendant retains legal counsel in New York.

### DISCUSSION

I. *Introduction*

The plaintiff bears the ultimate burden of proving the court's jurisdiction. *See Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996); *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981); *Lehigh Valley Industries, Inc. v. Birenbaum*, 527 F.2d 87, 92 (2d Cir.1975). However, when the issue is decided initially on the pleadings and without discovery, the plaintiff must only make a prima facie showing of personal jurisdiction to survive a motion to dismiss. *A.I. Trade Finance, Inc. v. Petra Bank*, 989 F.2d 76, 79 (2d Cir.1993); *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120 (2d Cir.1984). All allegations must be construed in the light most favorable to the non-moving party, the plaintiff, and all doubts resolved in his favor. *A.I. Trade Finance*, 989 F.2d at 79–80. Personal jurisdiction will ultimately have to be established by a preponderance of the evidence, either at an evidentiary hearing or at trial.

Personal jurisdiction over a defendant in a diversity action in the United States District Court for the Southern District of New York is determined by reference to the relevant jurisdictional statutes of the state of New York. *See United States v. First Nat'l City Bank*, 379 U.S. 378, 381–82, 85 S.Ct. 528, 13 L.Ed.2d 365 (1965); *Beacon Enters. v. Menzies*, 715 F.2d 757, 762 (2d Cir.1983). We turn to an examination of the only jurisdictional bases

alleged by plaintiff— § 301, § 302(a)(1), and § 302(a)(3) of the New York Civil Practice Law (hereafter " § 301" and " § 302").

## II. *N.Y.Civ.Prac.Law & 301: "Doing Business"*

■ Under the New York courts' interpretation of § 301, a non-domiciliary corporation subjects itself to personal jurisdiction in New York with respect to any cause of action if it is "engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction." *Simonson v. International Bank,* 14 N.Y.2d 281, 285, 200 N.E.2d 427, 429, 251 N.Y.S.2d 433, 436 (1964) (internal quotations omitted). The non-domiciliary must be "doing business" in New York " 'not occasionally or casually, but with a fair measure of permanence and continuity.' " *Laufer v. Ostrow,* 55 N.Y.2d 305, 310, 434 N.E.2d 692, 694, 449 N.Y.S.2d 456, 458 (1982) (quoting *Tauza v. Susquehanna Coal Co.,* 220 N.Y. 259, 267, 115 N.E. 915, 917 (1917)); *see also Katz Communications, Inc. v. Evening News Ass'n,* 705 F.2d 20, 23 (2d Cir.1983).

■ Accumulating all of defendant's contacts with the forum set forth in the record, we conclude that the corporation is at most only "occasionally" doing business in New York and is not "engaged in such a continuous and systematic course of 'doing business' " in New York as to subject the corporation to personal jurisdiction under § 301. *Laufer,* 55 N.Y.2d at 310, 449 N.Y.S.2d 456, 434 N.E.2d 692. Plaintiff's most plausible basis for asserting personal jurisdiction over defendant is his cryptic reference to the presence of sales agents in New York that sell passenger and cargo space aboard defendant's trains. However, it is an oft-cited principle that "mere solicitation" of business within New York does not satisfy § 301's requirements. *See, e.g., Elish v. St. Louis S.W. Ry. Co.,* 305 N.Y. 267, 268, 112 N.E.2d 842, 843 (1953); *Laufer,* 55 N.Y.2d at 311, 449

N.Y.S.2d 456, 434 N.E.2d 692. This is especially true when, as is the case regarding defendant's freight and passenger representatives, the company working in New York on behalf of the defendant is an independently-owned profit-making organization, functioning as an independent contractor. *See Dunn v. Southern Charters, Inc.,* 506 F.Supp. 564, 567 (E.D.N.Y. 1981) (solicitation of orders for defendant's products through independent agents, brochures and trade magazines insufficient under § 301 in suit by purchaser); *Miller v. Surf Properties, Inc.,* 4 N.Y.2d 475, 151 N.E.2d 874, 176 N.Y.S.2d 318 (1958); *Elish,* 305 N.Y. at 268, 112 N.E.2d 842.

■ Plaintiff also contends that defendant's trains transport persons and goods in and out of New York. In appropriate situations, such contact, coupled with the existence of representatives in New York to sell tickets or cargo space, has been ruled sufficient to establish personal jurisdiction. *See, e.g., Scanapico v. Richmond, Fredericksburg & Potomac R.R. Co.,* 439 F.2d 17 (2d Cir.1970) (en banc). In these cases, however, the courts have placed heavy emphasis on the fact that the solicitation was carried out by the defendant's "own employees." *Id.* at 21; *see also Bankhead Enters., Inc. v. Norfolk & Western Ry. Co.,* 642 F.2d 802 (5th Cir.1981). In contrast, plaintiff in the instant case alleges only that such solicitation was carried out by independent workers, such as travel agents or employees at separately owned train stations. In this regard, the instant case is almost identical to *Wilcox v. Pennsylvania R.R. Co.,* 269 F.Supp. 326, 328 n. 6 (S.D.N.Y.1967), in which the court found no personal jurisdiction where the defendant's "principal contact with the state is that it owns railroad cars which from time to time are brought into New York while in the management and control of interstate trains being operated by other railroad companies." [1] In so holding, the *Wilcox* court expressly distinguished

---

1. The court in *Wilcox* analyzes § 302, but its reasoning can be analogized to § 301.

the situation in which a railroad company might also own office space and maintain full-time employees within New York, but found that without such additional contacts, no personal jurisdiction could be established. *Id.* For the same reasons, we cannot find personal jurisdiction over defendant merely because some of its railroad cars, which have been "interlined" to other railroads, may pass through New York in trains operated by other railroads, or because completely independent workers in this state, not employed directly by defendant, may sell cargo and passenger space on defendant's trains, operating outside the state.

Finally, plaintiff claims that defendant's hiring of New York counsel to contest personal jurisdiction is sufficient to establish personal jurisdiction over defendant. This argument also must fail, because it is well established that a defendant does not waive its right to contest jurisdiction simply by moving to dismiss for lack thereof. *See, e.g., Martin v. New York State Dept. of Mental Hygiene*, 588 F.2d 371, 373 (2d Cir.1978). This would create an untenable "Catch-22" in which no defendant could contest personal jurisdiction, because the act of contesting jurisdiction would itself establish jurisdiction. Thus, none of these "contacts" cited by plaintiff, either in isolation or in aggregate, is sufficient to establish personal jurisdiction under § 301.

### III. *N.Y.Civ.Prac.Law § 302*

We will first analyze plaintiff's § 302(a)(1) claim and then his claim made under § 302(a)(3).[2]

### A. *302(a)(1): "Transacting Business"*

Section 302(a)(1) provides:

(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state.

A defendant who is not "doing business" in New York within the meaning of § 301 may be sued in New York on a lesser showing of forum contacts if the cause of action arises from those contacts. To satisfy the "doing business" test under § 301, the corporation's activities in New York must be regular; if they are, the corporation is amenable to suit in the state on any claim, arising or not arising out of the New York acts. However, if the activity is not regular, but it is shown that the claim specifically arises out of whatever that local activity was, then the "transacting business" test of § 302 would be satisfied. *See generally Galgay v. Bulletin Co.*, 504 F.2d 1062, 1064 (2d Cir.1974); *George Reiner and Co. v. Schwartz*, 41 N.Y.2d 648, 653–54, 363 N.E.2d 551, 554–55, 394 N.Y.S.2d 844, 847–48 (1977); David D. Siegel, New York Practice § 86 (2d ed.1991). Thus, § 302(a)(1) requires not only that the defendant transact business in the state, but also the cause of action must arise from the very business transacted within the state. *McShan v. Omega Louis Brandt Et Frere, S.A.*, 536 F.2d 516, 518 (2d Cir. 1976); *Fontanetta v. American Board of Internal Medicine*, 421 F.2d 355, 357 (2d Cir.1970) (holding that § 302(a)(1) requires "a direct relation between the cause of action and the in-state conduct" as "an

**2.** It appears plaintiff makes no claim under § 302(a)(2), and even construing the pleadings liberally, we could imagine no plausible jurisdictional claim under this subsection. Further, even if an argument under § 302(a)(2) were properly before us, the tortious act must take place in New York under § 302(a)(2); as our discussion of § 302(a)(1)

will make clear, plaintiff's claims of negligence by defendant had nothing to do with any of defendant's activities within New York. *Feathers v. McLucas*, 15 N.Y.2d 443, 209 N.E.2d 68, 261 N.Y.S.2d 8 (1965).

Moreover, plaintiff makes no claim pursuant to § 302(4).

important condition of acquiring jurisdiction over the non-domiciliary defendant"); *McGowan v. Smith*, 52 N.Y.2d 268, 272, 419 N.E.2d 321, 323, 437 N.Y.S.2d 643, 645 (1981) ("[e]ssential to the maintenance of a suit against a non-domiciliary under CPLR 302(a)(1) is the existence of some articulable nexus between the business transacted and the cause of action sued upon").

█ Even if we assume that defendant in this case was transacting some business within New York, plaintiff does not, and cannot, allege that there is any nexus between the business transacted within New York and the cause of action sued upon. *McGowan*, 52 N.Y.2d at 272, 437 N.Y.S.2d 643, 419 N.E.2d 321. Plaintiff's complaint is grounded entirely in negligence, claiming, inter alia, negligent failure to warn, failure to instruct, and failure to provide plaintiff with a reasonably safe place to work. Complaint at 4–5. Assuming every allegation by plaintiff related to contact by defendant with the state of New York, i.e. that: (1) defendant is responsible for transporting persons and goods in and out of New York; (2) defendant previously maintained both freight and passenger representatives in New York; (3) defendant utilizes representatives in the state of New York; and (4) defendant has retained legal counsel in New York, we must still hold that these contacts have nothing to do with the cause of action alleged in the complaint. Plaintiff's claim is simple: his work site in Florida was unsafe. Agents selling freight and passenger space to customers in New York, the presence of New York counsel, and even the existence of trains running through the state of New York all have absolutely nothing to do with plaintiff's claim of a negligently run work site in Florida. *See Edwards v. St. Louis–San Francisco R.R. Co.*, 361 F.2d 946, 957 (7th Cir.1966) ("it is abundantly clear . . . . that appellant's cause of action against the railroad did not arise out of any of the business activities carried on in [the state]").

### B. *Section 302(a)(3)*

Plaintiff's claim under 302(a)(3) is equally unavailing. Section 302(a)(3) provide court may also exercise personal jurisdiction over a non-domiciliary if he/she:

commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

█ Thus, this subsection applies when a defendant commits a tortious act outside of New York that injures a plaintiff within New York. Plaintiff offers the creative argument that while the tortious activity took place in Florida, he developed emotional distress as a result of this tortious conduct in New York, and thus § 302(a)(3) applies. However, the case law does not support this contention. With respect to § 302(a)(3), it has been held that the original injury must occur in New York. If the injury occurs outside New York and merely becomes manifest in New York, or has its greatest consequences in New York, the statute is not satisfied. *Black v. Oberle Rentals, Inc.*, 55 Misc.2d 398, 285 N.Y.S.2d 226 (N.Y.Sup.Ct.1967); Siegel, New York Practice § 86A. Plaintiff's complaint clearly alleges that his exposure to dangerous materials in Florida caused him emotional distress. His alleged injury therefore occurred in Florida and not New York, just as the Vietnam veteran suffering Post–Traumatic Stress Disorder was injured in Vietnam, not in the American city to which he returned. Moreover, plaintiff's argument must fail because it would allow any injured party claiming emotional distress to move to any state in

the country, and then claim that their injury was sustained in that state. This would abrogate the long-established rule that "an injury does not occur in New York simply because the plaintiff is domiciled ... there." *Dogan v. Harbert Const. Corp.*, 507 F.Supp. 254, 262 (S.D.N.Y.1980); *Van Essche v. Leroy*, 692 F.Supp. 320, 325 (S.D.N.Y.1988); *Fantis Foods, Inc. v. Standard Importing Co.*, 49 N.Y.2d 317, 402 N.E.2d 122, 425 N.Y.S.2d 783 (1980).

Further, even if plaintiff were able to establish that New York was the situs of his injury, he would be unable to satisfy the criteria of either § 302(a)(3)(i) or § 302(a)(3)(ii). In order to establish personal jurisdiction under § 302(a)(3), plaintiff must either show that the defendant is regularly "doing business" in New York under subsection (i), or, pursuant to subsection (ii), he must show that defendant could have reasonably foreseen that its acts would have consequences in the state of New York.

As to § 302(a)(3)(i), we note that the "doing business" test in this regard was not intended to be as rigorous as the test for "doing business" under § 301. Siegel, New York Practice § 88; 12th Jud.Conf. Rep. (1967) 343. However, for the same reasons as enumerated in our discussion of § 301, plaintiff has not presented us with sufficient evidence to assure that the defendant's overall contact with New York is substantial enough to make it reasonable to subject the defendant to jurisdiction in the state.

As to § 302(a)(3)(ii), plaintiff is forced to argue that defendant could reasonably foresee that an employee would develop emotional distress as result of contact with asbestos while working in Florida, but such distress would not manifest itself for the entirety of the thirteen years plaintiff was working in Florida, and then plaintiff would move to New York, only to develop emotional distress here, forty-five years after he ceased employment with defendant. We hold that this unlikely scenario, even if true, was not reasonably foresee-

able to defendant so that the corporation could expect to be sued in New York. For these reasons, plaintiff's argument under § 302, like his arguments under § 301, must fail.

### IV. *Analysis Under the United States Constitution*

Finally, it is unnecessary to determine whether the exercise of personal jurisdiction would comport with federal constitutional standards of due process, *see, e.g.,* *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), since a statutory basis for jurisdiction has not been established. *See Beacon Enters.*, 715 F.2d at 764 n. 6. As interpreted by the New York state courts, §§ 301 and 302 do not extend personal jurisdiction to the limits of due process. *Id.; see also Longines–Wittnauer Watch Co. v. Barnes & Reinecke, Inc.*, 15 N.Y.2d 443, 459–60, 209 N.E.2d 68, 77–80, 261 N.Y.S.2d 8, 20–21 (1965).

### CONCLUSION

Plaintiff has asked us to assert personal jurisdiction "in the interest of justice." We note, however, that our power under Article III is based on limited jurisdiction, and we cannot assert jurisdiction except where expressly authorized by statute or the Constitution. Moreover, if we were to stretch the meaning of New York's laws in order to assert jurisdiction over the case, and plaintiff conducted arduous discovery and proceeded through a lengthy trial, only to have any award he received vacated by the Court of Appeals because this Court did not have jurisdiction over the defendant, the "interests of justice," even for plaintiff, would not be served.

Plaintiff also asks that, in the event we find no personal jurisdiction over defendant, "to transfer the action to an appropriate district." Plaintiff's Affidavit in Opposition to Motion to Dismiss at 4. Yet, absent personal jurisdiction, this Court cannot transfer this case to another juris-

diction. *See, e.g., Zhang v. Crisp*, 1995 WL 523724, *2 (N.D.Cal. Aug.30, 1995). We therefore dismiss this case without prejudice as to the merits of the claims raised herein, and leave plaintiff free to file his complaint in any court in which he believes jurisdiction is appropriate.

Defendant's motion to dismiss the action in its entirety for lack of personal jurisdiction is granted. The action is dismissed without prejudice to re-filing in an appropriate forum.

SO ORDERED.