**KONINKLIJKE LUCHTVAART MAATSCHAPPIJ N.V. (also known as K.L.M. —Royal Dutch Airlines), Plaintiff,**

v.

**CURTISS–WRIGHT CORPORATION, Defendant.**

United States District Court,
S. D. New York.

Jan. 24, 1955.

Debevoise, Plimpton & McLean, New York City, Edward C. McLean, Samuel E. Gates and Robert B. von Mehren, New York City, of counsel, for plaintiff.

Kirlin, Campbell & Keating, New York City, Vernon S. Jones and James B. Magnor, New York City, of counsel, for defendant.

PALMIERI, District Judge.

This is a motion under Rule 12(b) (5) of the Rules of Civil Procedure, 28 U.S. C.A., in which defendant asks that the action be dismissed because of insufficiency of service of process. Both plaintiff and defendant are foreign corporations authorized to do business in New York. In March, 1953 plaintiff commenced this action by filing a verified complaint with the Clerk of the Court and the Clerk issued a summons to defendant. The summons and complaint were delivered to a Deputy United States Marshal, James Griffin, and he proceeded to serve them on the defendant. The defendant contends that this service was insufficient.

There is conflicting evidence before me on the question of what actually happened when the Marshal appeared at the defendant's office at 30 Rockefeller Plaza in New York City. Mr. Griffin's return states that he served the summons on the defendant "by delivering to and leaving a copy thereof, together with a copy of the complaint with Mr. R. H. Suger, Asst. Sec." And Mr. Griffin substantiates the statements made in his return by an affidavit in which he states that he served the summons and complaint upon the defendant at its office by "handing and delivering" it "personally to" Mr. Suger who identified himself to Mr. Griffin as the Assistant Secretary of the defendant.

Mr. Suger and defendant's receptionist, Mrs. Harris, disagree with the Deputy Marshal's version of what happened when he appeared at the defendant's office. Mr. Suger admits that he is the Assistant Secretary of the defendant but denies that the Marshal delivered the papers to him. Mr. Suger's affidavit recites that Mrs. Harris informed him that "a man from the United States Marshal's office with a paper" for the defendant was in the defendant's office. Mr. Suger continues, "I told her to take the paper and a few minutes later Mrs. Harris brought in a summons and complaint. When I read the papers, I realized it was a summons and complaint in a suit by K.L.M., and told Mrs. Harris I would keep them. * * *"

Mrs. Harris corroborates Mr. Suger's statement. She says, "I telephoned Mr. Suger and informed him that a gentleman from the United States Marshal's office was in the reception room with a paper that he wished to serve. Mr. Suger asked me to take it. The gentleman from the United States Marshal's office then handed the papers to me and I took them into Mr. Suger. The man from the Marshal's office asked me the name of the person to whom I would give the papers and I told him, Mr. R. H. Suger, Assistant Secretary. He wrote

that name in a notebook. The man did not tell me what the papers were nor did he ask to see Mr. Suger. I brought the papers into Mr. Suger who looked at them and said he would keep them. I then went back and told the gentleman from the Marshal's office that I had delivered them to Mr. Suger."

■ Defendant moves that the complaint be dismissed because of insufficient service of process or that a hearing be held to determine in what manner delivery of the summons and complaint to Mr. Suger was effected. I do not believe that there is sufficient reason to impugn the return of the Deputy Marshal or to hold a hearing for the purpose of ascertaining the validity of his return. And I accept his return and affidavit as a reliable account of what transpired when he appeared at the defendant's office.

■■ But assuming *arguendo* that the delivery of the summons and complaint to Mr. Suger was accomplished in the manner described by Mr. Suger and Mrs. Harris, the service must still be considered sufficient. The sufficiency of the service in this case depends on the construction of Rule 4(d) (3) of the Rules of Civil Procedure which provides,

> " * * * Service shall be made as follows: * * * (3) Upon a domestic or foreign corporation * * by delivering a copy of the summons and of the complaint to an officer * * * ."

Was a copy of the summons and complaint *delivered* to an officer of the defendant? Defendant argues that if the delivery of the summons and complaint to Mr. Suger was accomplished in the manner described by Mr. Suger and Mrs. Harris, the service was insufficient and the complaint must be dismissed.

The defendant seems to confuse a summons and complaint under Rule 4 with the *capias ad respondendum*. See Blackstone's Commentaries Vol. 3, p. 281 (15th ed. London 1809). In this case the de-

fendant admits that its officer told its receptionist to bring "the paper" that "a man from the United States Marshal's office" wanted to serve on the defendant to him. The receptionist then took the summons and complaint from the Deputy Marshal, told him that she was going to give them to Mr. Suger, Assistant Secretary, and brought them to Mr. Suger. Mr. Suger read the papers, "realized that it was a summons and complaint" and told the receptionist that he would keep them. Then the receptionist told the Deputy Marshal that she had delivered them to the Assistant Secretary, Mr. Suger. Shortly thereafter defendant undertook what has proved to be an active defense of this action.

The events described in the defendant's affidavits constitute sufficient service of process. Rule 4(d) (3) does not require that the delivery of process be accomplished during a face to face meeting with the person upon whom service is to be effected. Nor does it require that it be surrounded by medieval formalism. But cf. Mitchell v. Hines, 1943, 305 Mich. 296, 9 N.W.2d 547. Where the Marshal acts in a manner similar to that adopted in this case which he can reasonably expect will result in delivery of the process to a person described in Rule 4(d) (3); and where his acts are effective in achieving delivery of the process to such a person, thereby giving the defendant notice that an action has been commenced against it; the service is sufficient. See Roth v. W. T. Cowan, Inc., D.C.E.D.N.Y.1951, 97 F.Supp. 675.

The defendant's attempt to negate process under the facts here presented would be tantamount to an evasion of process. Moreover, to countenance this attempt would contravene the basic concepts of the Federal Rules of Civil Procedure that technicalities should be reduced to a minimum and that all cases should be decided on their merits as expeditiously as possible. Thus, Rule 1 of the Rules of Civil Procedure counsels that the Rules "shall be construed to se-

cure the just, speedy, and inexpensive determination of every action."

Motion denied. Defendant's twenty-eighth defense is stricken. Settle order on notice.