Gerrit Arie **DEN HEIJHER**, Plaintiff,

v.

**ERIE RAILROAD COMPANY** and Horace F. Banta, Trustee for New Jersey and New York Railroad Company, Defendants.

United States District Court
S. D. New York.
March 16, 1959.

218

Harry Edelstein, New York City, for plaintiff.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for Erie R. R. Co.

McLanahan, Merritt & Ingraham, New York City, for defendant Banta, Louis C. Kaiser, New York City, Norman H. Plummer, New York City, of counsel.

DAWSON, District Judge.

This is a motion by defendant Horace F. Banta, Trustee for the New Jersey and New York Railroad Company, for an order pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to quash service of a summons by plaintiff in the above two actions, or in the event that this motion is not granted, to dismiss the Fifth Cause of Action of the complaint in action No. 137–285.

As to action No. 121–173, on August 1, 1958, in a similar action seeking the quashing of another service against this defendant, Judge Dimock of this court quashed service and dismissed action No. 121–173 against this defendant. This action by Judge Dimock concludes that complaint against defendant Banta. It is therefore apparent that this civil action no longer is pending in this court and the present motion to quash service under this civil action No. 121–173 is moot.

As to the remaining action, Civil No. 137–285, during the arguments on this motion the plaintiff agreed to withdraw the Fifth Cause of Action of the complaint and the defendant withdrew his motion for dismissal. Thus, that part of the motion before this Court need not be considered and it is deemed withdrawn, and the Fifth Cause of Action shall be considered as withdrawn.

We now turn to a determination of the motion to quash service in civil action No. 137–285.

The basic action is for recovery under the Federal Employers Liability Act, 45 U.S.C.A. § 51 et seq. The defendant is the trustee of the New Jersey and New York Railroad Company, a corporation organized under the laws of the State of New Jersey and presently in reorganization under § 77 of the Bankruptcy Act (11 U.S.C.A. § 205). This reorganization is in the United States District Court for the District of New Jersey and said trustee resides and maintains offices in the State of New Jersey.

The defendant brings this motion to dismiss the summons on grounds that the non-resident trustee of a foreign corporation undergoing reorganization pursuant to the Federal Bankruptcy Act must be served as a non-resident natural person, or if the defendant may be served in the manner of a foreign corporation the service of process in this action is not valid because it was not effected upon a person upon whom service pursuant to Rule 4 of the Federal Rules of Civil Procedure, 28 U.S.C.A., may be made. Further, defendant maintains that the summons was not issued in compliance with the provisions of Rule 4(a) of the Federal Rules of Civil Procedure in that the said summons was issued more than three months after the filing of the original complaint.

The pertinent facts, as they appear from the papers, indicate that on

September 9, 1958 this action was commenced by the filing of a complaint and the issuance of a summons. The summons and complaint were served on September 11, 1958 upon one Alexander Angyal, a station agent of defendant Erie Railroad Company at Spring Valley, New York. Thereafter defendant Banta, through his attorneys, made a motion in this court to quash service of the summons and dismiss this action for failure to effect service on a proper person to receive process.

Subsequently, on December 24, 1958, plaintiff served the additional summons and complaint, to which this motion is directed, on one Joseph T. Donahue, a station agent of defendant New Jersey and New York Railroad Company located at Pearl River, New York. It appears that plaintiff's attorney served this additional summons and complaint because he was not certain whether or not the summons served on September 11, 1958 would be valid. At the argument of this motion plaintiff's attorney indicated that he served this additional summons for the purpose of being certain that he could obtain jurisdiction over the defendant, and that this additional action was prompted by his concern for the benefit of his client.

The facts in this case are similar to the facts in the motion dealing with the September 11, 1958 service wherein service was allowed by Judge Dimock of this court. Gerrit Arie Den Heijher v. Erie Railroad Company and Horace F. Banta, Trustee for New Jersey and New York Railroad Company, D.C.1959, 171 F.Supp. 174.

It is apparent here, as in the decision of Judge Dimock, that the defendant was doing business within the State of New York. McGee v. International Life Ins. Co., 1957, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223; International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; Tauza v. Susquehanna Coal Co., 1917, 220 N.Y. 259, 115 N.E. 915.

The New Jersey and New York Railroad Company, though operating primarily in New Jersey, operates approximately 28 passenger trains each week between New York and New Jersey, and certain additional trains each week solely for the purpose of carrying freight. The railroad's station agent sells passenger tickets and issues bills of lading for freight handled at the New York station. He receives and forwards freight shipments, arranges for delivery of freight and does the paper work involved in shipments of freight to and from the New York station. He sells tickets in New York to passengers and does other incidental duties in connection with the Pearl River, New York station. Although he has no policy-making or primary financial responsibility of the corporate body, these duties are not essential to confer upon an individual the obligation to receive service for the corporation. See, Fisher v. Canadian Pacific Railway Co., D.C.W.D.N.Y.1932, 1 F. Supp. 235; Elish v. St. Louis, Southwestern Ry. Co., 1953, 305 N.Y. 267, 112 N.E.2d 842.

Defendant's contention that the lapse of three months between the bringing of the complaint and this service is an unreasonable delay is not sustained by the decisions on this point. While it is true that some cases indicate a lapse of time must be fatal to the party seeking service, such cases normally involve periods of time far greater than three months. See Murphy v. Citizens Bank of Clovis, 10 Cir., 1957, 244 F.2d 511; Hukill v. Pacific & Arctic Railway Co., D.C.Alaska 1958, 159 F.Supp. 571.

For the reasons stated above, and for the additional reasons stated by Judge Dimock in the similar motion in this action, supra, service by plaintiff on defendant Banta in Civil Action No. 137–285 is deemed to have been properly made, subjecting the defendant to the processes of this court. The motion to quash service is denied. So ordered.