UNITED STATES of America,
Plaintiff-Appellee,

v.

MOLLENHAUER LABORATORIES, INC., Defendant-Appellant.

No. 12524.

United States Court of Appeals
Seventh Circuit.

June 3, 1959.

Bernard Berk, Green Bay, Wis., for appellant.

Edward G. Minor, U. S. Atty., Matthew M. Corry, Asst. U. S. Atty., Milwaukee, Wis., for appellee.

Before DUFFY, Chief Judge, and MAJOR and CASTLE, Circuit Judges.

MAJOR, Circuit Judge.

This action was instituted by the government against Mollenhauer Laboratories, Inc., to recover damages for alleged breach of contract. Default judgment was entered against defendant on June 19, 1958. Motion to set aside said judgment was filed August 5, 1958, which was denied by an order entered September 19, 1958. From this order defendant appeals.

The sole contested issue arises from defendant's contention that the District Court was without jurisdiction to enter the judgment sought to be set aside on the ground that defendant was not served with process in accordance with law.

Rule 4(d) (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides for service upon a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process * * *." Paragraph (d) (7) of the same Rule provides, "* * * it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state." The government in support of its effort to obtain an affirmance of the order under attack relies entirely upon Rule 4(d) (3); hence, we need not be concerned with any other rule or law, including the statute of the State of Wisconsin.

The record reveals no serious dispute as to the circumstances material to the attempted service of process upon the defendant corporation. A brief statement of the facts will therefore suffice.

Process was served May 28, 1958, on Hildegard Denis, Chief Clerk at the Vitamin Shop, a retail store owned by Mollenhauer Sales, Inc., a corporation separate and distinct from defendant although Richard M. Mollenhauer was secretary of the former and president of the latter. Hildegard Denis on the date in question was not an officer or an employee of the defendant corporation nor was she a person authorized by it to re-

ceive service of process. Deputy Marshal Knight, on the 28th day of May, 1958, visited the Vitamin Shop for the purpose of obtaining service upon defendant corporation. Upon inquiry, Hildegard Denis informed him that Richard M. Mollenhauer was ill and confined to his home. Knight talked with Mollenhauer by telephone and was told by the latter to leave the papers with Hildegard Denis and that he would pick them up later. Thereupon, Knight delivered a copy of the summons and complaint to Hildegard Denis. The summons and complaint did not come into the possession of Mollenhauer until some four or five days later.

The Deputy Marshal's return states that service was obtained on defendant "by delivering to and leaving with Hildegard Denis Chief Clerk (per instruction of Richard Mollenhauer—President) personally a true copy thereof this 28th day of May, A.D. 1958 at 211 North Washington Street, Green Bay, Wis." It may be noted that the address stated in the return is that of the Vitamin Shop, of which Hildegard Denis was in charge but which was not owned, operated or controlled by defendant.

The District Court in sustaining the legality of the service stated "that the Deputy Marshal acted in a manner which he could reasonably expect would result in the delivery of the process to Mr. Mollenhauer; that the process was in fact delivered to Mr. Mollenhauer." Even though this reasoning finds support in the record, it does not, in our opinion, justify the conclusion reached.

The government's brief throws little, if any, light as to the theory on which it would have us affirm the court's conclusion that the service was proper. It is without controversy that Hildegard Denis was not an officer, managing or general agent of defendant. Neither was she an agent authorized by appointment or by law to receive service of process on behalf of defendant. Assuming that she was appointed by Mollenhauer for such purpose, there is no showing and no reason to believe that he as an officer of the defendant corporation was authorized to make such an appointment on its behalf.

The government cites a single case in support of its position. Koninklijke Luchtvaart Maatschappj N. V. v. Curtiss-Wright Corp., D.C., 17 F.R.D. 49. Contrary to what the government asserts, the facts in that case are quite different from those here. There, an employee (receptionist) of the defendant corporation, at the request of the Deputy Marshal, took the summons and complaint to a corporate official located in another room, who told her that he would keep them. Thereupon, the receptionist returned and told the Deputy Marshal that she had delivered them to the corporate officer. In contrast, the Deputy Marshal in the instant case delivered the summons and complaint to a person who was not even an employee of defendant, with nothing more than a vague understanding that they would at some future time be delivered to defendant's president. And it should be kept in mind that according to the Marshal's return, as well as the conclusion of the District Court, service was had on the 28th day of May, 1958, when the papers were delivered to Hildegard Denis, and this irrespective of the time when they were or might have been delivered to defendant's president.

█ The liberal construction rule which the government seeks to invoke cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had. See Thomas v. Furness (Pacific) Limited, 9 Cir., 171 F.2d 434, 435; Sunbeam Corp. v. Payless Drug Stores, D.C., 113 F.Supp. 31, 46; Fulton v. Twentieth Century-Fox Film Corp., D.C., 111 F. Supp. 874, 875.

█ We hold that the purported service of process upon defendant corporation was not in accordance with law. It follows that the order appealed from must be and is hereby reversed and the cause remanded, with directions that the default judgment entered June 19, 1958 be vacated.