MONTCLAIR ELECTRONICS, INC.,
Plaintiff,

v.

ELECTRA/MIDLAND CORPORATION,
Defendant.

No. 70 Civ. 4652.

United States District Court,
S. D. New York.

May 10, 1971.

**840**

*Botein, Hays, Sklar & Herzberg,* by Charles A. Stillman, Fred E. Scharf, Francis J. Marino, New York City, for plaintiff.

*Reid & Priest,* by William J. O'Donnell, Charles F. Schirmeister, A. Ronald Wilkos, Robert J. Lynch, New York City, for defendant.

CANNELLA, District Judge.

The defendant's motions to dismiss the complaint, made pursuant to Rule 12(b) (2) and (5) of the Federal Rules of Civil Procedure (F.R.Civ.P.), or to transfer this case to the United States District Court for the Southern District of California[1] pursuant to 28 U.S.C. § 1404(a) are denied. The plaintiff's application to enjoin the defendant from prosecuting an action against the plaintiff in the California court, made pursuant to Rule 65, F.R.Civ.P., is granted.

The plaintiff is a New York corporation with its principal place of business at Larchmont. The defendant is a Delaware corporation qualified to do busi-

---

1. In deciding the defendant's motions, the court has treated the motion to transfer as both contingent upon and alternative to the earlier motion to dismiss, although the papers submitted in support of the motion to transfer make no reference to this necessary relationship.

ness in four states, but not in New York. It has no employees, agents, real property, office or telephone listing in New York. However, it has bestowed upon two commission companies and their distributors the exclusive right to sell its products in New York by taking orders that later are accepted or rejected by the defendant in Texas or California. It also has had a bank account in New York. In addition, advertisements of the defendant's products appear in two trade publications published in New York.

In the latter part of 1968, Matthew Mulvihill, a vice president of the defendant corporation in Kansas City, Kansas, was contacted about the plaintiff's becoming the exclusive representative for overseas distribution of certain of the defendant's products. On March 3, 1969, Mr. Mulvihill met in New York with the plaintiff's president, Richard Stanley. Their discussions apparently led to a contract designating the plaintiff as a distributor which was signed in Kansas City by Mr. Mulvihill on behalf of the defendant in July, 1969 and mailed to New York where it was signed by Mr. Stanley for the plaintiff in September, 1969.

On October 22, 1970, the plaintiff filed a complaint in this District Court alleging, *inter alia*, that the defendant "wrongfully breached the contract about August 24, 1970, by terminating [the plaintiff's] distributorship, which still had over eight months to run * * *" A summons and complaint were served on October 27, 1970 on James Bratt, the defendant's Marketing Services Manager, in San Diego, California.[2]

■ In an action based on diversity of citizenship, the amenability of a foreign corporation to suit in a federal court is determined by the law of the state where the court sits. See, e. g., Arrowsmith v. United Press International, 320 F.2d 219, 223 (2d Cir. 1963). Under New York law, there are two possible bases for in personam jurisdiction over the defendant. Under Section 301 of the New York Civil Practice Law and Rules (CPLR), there is jurisdiction over a foreign corporation if it is doing business in New York with a fair measure of permanence and continuity.[3] Section 302 of the New York CPLR provides, in part:

(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary * * * who in person or through an agent:

1. transacts any business within the state * * *

■ While it may well be that the taking of orders in New York by the commission companies, the defendant's advertising in trade publications published in New York and its negotiations with the plaintiff in New York amount to the defendant's "doing business" within the meaning of Section 301,[4] the court finds that it has jurisdiction over the defendant under Section 302(a) (1), the test of which may be satisfied by a showing of acts performed in New York by a foreign corporation with regard to a contract out of which a cause of action subsequently arises. See Longines-Wittnauer Co. v. Barnes & Reinecke, Inc., 15 N.Y.2d 443, 457, 261 N.Y.S.2d 8, 18, 209 N.E.2d 68, 75 (1965). In the case at bar, one high level officer of the defendant corporation conducted preliminary negotiations in New York and another made three trips to New York in connection with the contract, both before and after execution. Furthermore, it ap-

---

2. The case file also contains proof that a "R. E. Wilkens-Manager" was served with a summons and complaint on November 10, 1970 in Kansas City.

3. See, e. g., Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 267, 115 N.E. 915, 917 (1917).

4. See generally International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Scanapico v. Richmond, Fredericksburg & Potomac R. R. Co., 439 F.2d 17 (2d Cir. 1970); Elish v. St. Louis Southwestern Ry. Co., 305 N.Y. 267, 112 N.E.2d 842 (1953).

pears that the defendant stood to derive substantial economic benefits from these excursions into New York through the plaintiff's providing it with foreign market(s) for certain of its products. These activities were sufficiently extensive and purposeful to constitute a transaction of business by the defendant in New York within the meaning of Section 302(a) (1).[5] See, e. g., Liquid Carriers Corp. v. American Marine Corp., 375 F.2d 951 (2d Cir. 1967); Harry Winston, Inc. v. Waldfogel, 292 F.Supp. 473 (S.D.N.Y.1968); A. Millner Co. v. Noudar, LDA, 24 A.D.2d 326, 266 N.Y. S.2d 289 (1st Dept. 1966). In addition, the solicitation of orders by the commission companies and distributors and the advertisements are a further basis of jurisdiction. See, e. g., Singer v. Walker, 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N. E.2d 68, cert. denied, Estwing Mfg. Co., Inc. v. Singer, 382 U.S. 905, 86 S.Ct. 241, 15 L.Ed.2d 158 (1965).

The defendant's motion to dismiss is also based on a claim of insufficiency of service of process. Service of process may be made upon a foreign corporation by delivering a copy of the summons and complaint "to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process * * *" Rule 4(d) (3), F.R.Civ.P. On October 27, 1970, a Deputy U. S. Marshal entered the business office of the defendant in San Diego, California and asked for an officer of the corporation. A secretary told him that the vice president and the general manager were out of town and that the operations manager was not on the premises. The Marshal then asked to see anyone authorized to accept service for the corporation. The secretary told him that Marketing Services Manager James Bratt was available, and she took him to Mr. Bratt's office. Mr. Bratt gave his business card to the Marshal, who then handed Mr. Bratt a copy of the summons and complaint in this action.

The primary purpose of the federal process rule is to provide the defendant with notice that an action has been filed against it. Service therefore "should be made upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." American Football League v. National Football League, 27 F.R.D. 264, 269 (D.Md.1961) (football coach). See also Den Heijher v. Erie R. R. Co., 23 F.R.D. 217 (S.D.N. Y.1959) (railroad's station agent). When the Marshal visited the defendant's offices in San Diego, he was directed to Mr. Bratt, as he apparently was in charge of the office at that time. The court finds that the Marshal acted reasonably in expecting this person to have the authority to receive such process and that the defendants did actually receive notice. See Levin v. Ruby Trading Corp., 248 F.Supp. 537, 541 n. 10 (S.D.N.Y.1965); Koninklijke Luchtvaart Maatschappij N. V. v. Curtiss Wright Corp., 17 F.R.D. 49, 51 (S.D.N. Y.1951). The service was therefore sufficient.

With regard to the defendant's motion to transfer this action to California, the court, after reading all the papers presently before it, is not persuaded that such a transfer would be for the "convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). See, e. g., Herbst v. Able, 278 F.Supp. 664 (S.D.N.Y.1967); Rosette v. Crown Record Co., 266 F.Supp. 393, 396 (S.D.N.Y.1965).

5. This is not a case where a corporation's officers or sales personnel happened to pass the time of day with a New York customer in New York. Cf. McKee Electric Co. v. Rauland-Borg Corp., 20 N.Y.2d 377, 283 N.Y.S.2d 34, 229 N.E.2d 604 (1967). But see American Eutectic Welding Alloys Sales Co. v. Dytron Alloys Corp., 439 F.2d 428 (2d Cir. 1971).

Thus, in view of the foregoing, the defendant's motions to dismiss the complaint or transfer this action to the United States District Court for the Southern District of California are hereby denied.

██ The plaintiff, on the other hand, seeks to enjoin the defendant from proceeding with its action in California against the plaintiff until entry of final judgment in the case at bar. The defendant commenced its action in California Superior Court, San Diego County [6] on October 27, 1970—the very date of service in the case here. The gravamen of the defendant's complaint is that the plaintiff failed to make payments and to perform in accordance with the terms of the contract sued on here.

A district court has the power to enjoin parties before it from litigating the same controversy in another forum. See Telephonics Corp. v. Lindly & Co., 291 F.2d 445 (2d Cir. 1961); Cresta Blanca Wine Co. v. Eastern Wine Corp., 143 F.2d 1012, 1014 (2d Cir. 1944). The court finds after reading all the papers in support of and opposition to the plaintiff's application that the parties in the California action are identical to the ones here and that that action "involves allegations concerning the *same* contract which is in dispute"[7] here. Indeed, the defendant bases its opposition to the plaintiff's application essentially on its motions [8] which the court has decided above. There is no refutation of the plaintiff's allegation that the defendant's complaint amounts to counterclaim(s) which may (if not must) be raised here. Since this Court has jurisdiction over the defendant, and in view of the foregoing, the plaintiff's application for an order enjoining the defendant from proceeding with its California action until entry of final judgment herein is granted, and the parties are hereby directed to settle the order within ten days in conformity with this opinion and Rule 65, F.R.Civ.P.

So ordered.

6. The plaintiff filed a petition for removal pursuant to 28 U.S.C. § 1441 in the United States District Court for the Southern District of California on November 30, 1970.

7. Defendant's Memorandum of Law in Opposition to Plaintiff's Cross Motion for an Injunction, p. 2.

8. The court notes in passing that it is not clear that the California district court would not transfer its case here were it confronted with a motion pursuant to 28 U.S.C. § 1404(a).