In re AMERICAN FREIGHT SYSTEM, INC., Debtor.

AMERICAN FREIGHT SYSTEM, INC., Plaintiff,

v.

AMERICAN ELECTRIC, INC., Defendant,

and

Manufacturer's Hanover Bank (Delaware), Garnishee.

Bankruptcy No. 88–41050–11. Adv. No. 90–7461.

United States Bankruptcy Court, D. Kansas.

April 29, 1993.

Larry G. Karns, Glenn, Cornish, Hanson & Karns, Topeka, KS, for Mfrs. Hanover Bank.

Kurt Stohlgren, Hillix, Brewer, Hoffhaus, Whittaker & Wright, Kansas City, MO, for American Freight System, Inc.

John Foulston, United States Trustee, Wichita, KS.

### ORDER SETTING ASIDE DEFAULT JUDGMENT AGAINST GARNISHEE

JAMES A. PUSATERI, Chief Judge.

This proceeding is before the Court on the motion of garnishee Manufacturer's Hanover Bank (Delaware), now known as Chemical Bank Delaware (hereafter "MHB"), to set aside a default judgment entered against it when it failed to respond to an order of garnishment. MHB appears by counsel Larry G. Karns. American Freight System, Inc. (AFS), the plaintiff-debtor, appears by counsel Kurt Stohlgren.

The Court has reviewed the relevant pleadings and is now ready to rule.

### FACTS

The materials submitted to the Court indicate the following facts. AFS obtained a default judgment for about $29,000 against defendant American Electric, Inc. It later caused an order of garnishment to be issued to MHB. The order was served by certified mail directed only to MHB and not to any individual's attention. Although MHB had moved its office in 1988 from the address AFS used to try to effect service, some unidentified person at that old address signed for the mailing. MHB did not respond to the garnishment. About nine months later, AFS sought and obtained a default judgment against MHB for the amount owed by American Electric, Inc. A copy of the judgment was mailed to MHB at the same address. About six weeks later, MHB filed a motion to set aside the default, attacking various alleged defects in the service of the garnishment order and claiming it owed American Electric no money at the time of the garnishment.

### CONCLUSIONS

Although MHB raises numerous issues, the Court need only address one. MHB contends that, to be effective, the garnishment order had to be served on it in the manner provided by Federal Rule of Bankruptcy Procedure 7004(b)(3) or by K.S.A. 1992 Supp. 60–717(b), K.S.A. 60–706(b)(1), and K.S.A. 1992 Supp. 60–304 for serving a summons and complaint. AFS contends all that is required is service in the manner provided by FRBP 7005, incorporating Federal Rule of Civil Procedure 5, for serving pleadings on parties. The manner of service that AFS used clearly did not comply with FRBP 7004(b)(3) or the cited Kansas statutes, but might have complied with FRBP 7005.

To support its method of service, AFS claims FRBP 7004(b)(3) governs service on a "defendant" corporation only, while FRBP 7005 governs service here. Presumably, AFS means 7004(b)(3) is not

applicable because MHB is not a "defendant" in this proceeding. If AFS were correct, although an order of garnishment (1) potentially imposes full liability for a judgment on the garnishee simply because the judgment creditor thinks the garnishee may have money or property belonging to the judgment debtor and (2) is served on an entity that ordinarily will have had no prior connection with a case whatsoever, the garnishment order need not be served as formally as the original summons and complaint directed to the person or entity truly responsible for the judgment creditor's damages. The Court certainly hesitates to conclude the drafters of the procedural rules would have intended such an anomalous result. It seems much more likely they would have intended to require at least as formal service on a garnishee as they did on primarily liable people and entities.

■ While it relies solely on a narrow definition of the word "defendant" in FRBP 7004, AFS conveniently overlooks a potentially narrow word in 7005, "parties." The leading civil procedure treatise states:

> The service provisions of Rule 5 apply only to parties who have appeared. Thus it is clear that amended or supplemental pleadings must be served on parties who have not appeared in conformity with Rule 4. Comparably, if the pleading seeks to add a new party—for example, an answer containing a counterclaim against plaintiff and a third person over whom the court has not previously acquired jurisdiction—the pleading also must be served on the new party to the action together with a summons pursuant to Rule 4.

4A Wright & Miller, Fed.Prac. & Pro. Civil 2d, § 1146 at 423–24 (1987). The Court believes this passage offers the more reasonable interpretation of the word "parties" in FRCP 5, that is, it refers to entities that have appeared in the action. FRBP 7004(b)(3) and FRCP 4(d)(3) (and the rest of both rules, for that matter) can then be interpreted as using the word "defendant" to mean "any entity against whom relief is sought" without regard to whether the entity might ordinarily be labelled a "defendant." Indeed, the leading legal dictionary states that "defendant" means: "The person defending or denying; the party against whom relief or recovery is sought in an action or suit or the accused in a criminal case." Black's Law Dictionary 377 (5th ed. 1979). Clearly, service on MHB had to be made as required by FRBP 7004(b)(3), and could not be made under FRBP 7005.

FRBP 7004(b)(3) requires service of process to be mailed "to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." In a case under FRCP 4(d)(3) involving personal service on a person who did not meet that rule's equivalent requirements, the Seventh Circuit vacated a default judgment obtained by the federal government. *United States v. Mollenhauer Laboratories, Inc.*, 267 F.2d 260 (7th Cir.1959). In that case, a man named Mollenhauer was the secretary of Mollenhauer Sales, Inc. (Sales), and the president of Mollenhauer Laboratories, Inc. (Labs). When Labs was sued, the marshal went to a retail store owned by Sales and met the Chief Clerk there. She told him Mollenhauer was sick and at home. The marshal called and Mollenhauer told him to leave the papers with the clerk for Mollenhauer to pick up later. Although the clerk was not an officer or employee of Labs or authorized to receive service of process for it, the marshal did as Mollenhauer suggested. Mollenhauer then received the papers four or five days later. A default judgment was entered a short time later. The district court concluded the service was proper because the marshal could reasonably expect the process would be delivered to Mollenhauer and it was in fact delivered to him. 267 F.2d at 262. The Seventh Circuit reversed because the Chief Clerk was not an officer, managing or general agent, or an agent authorized by appointment or law to receive service of process for Labs, and even if Mollenhauer appointed her to receive the service, there was no showing or reason to believe Mollenhauer was authorized to make such an appointment on Labs' behalf. 267 F.2d

at 262. The service in *Mollenhauer Laboratories* was certainly more likely to, and in fact did, bring the suit to Labs' attention than the service directed to MHB, yet the Seventh Circuit set aside the default judgment based on that service. This Court concludes it must do the same.

 The Court agrees with AFS that, although FRBP 7069 and FRCP 69 incorporate Kansas garnishment procedures for enforcing judgments, the federal rules control the method of service of the garnishment pleadings. Still, Kansas law also demonstrates that garnishment orders must be served like the process that commences a lawsuit. In *Briscoe v. Getto*, 204 Kan. 254, 462 P.2d 127 (1969), the Kansas Supreme Court ruled that service of a garnishment order which did not substantially comply with the Kansas procedure for the service of process required to obtain personal jurisdiction over an individual did not give the trial court personal jurisdiction over an individual garnishee. In that case, the garnishment order was served at the garnishee's office on his secretary, who told the garnishee that day about the service. When the garnishee failed to answer the garnishment, the judgment creditor sought a default judgment against him. The parties conceded that the garnishee's secretary had never been appointed process agent for him and that his office was not his residence. The court affirmed the trial court's refusal to grant the default judgment because, although the garnishee became aware of the proceeding, the service did not satisfy the state statute governing service of process on an individual. 204 Kan. at 256–57, 462 P.2d 127.

For these reasons, the Court hereby sets aside the default judgment entered against MHB because the method of service of the garnishment order was inadequate to give the Court personal jurisdiction over MHB.

IT IS SO ORDERED.