James H. O’Connor, J.
The third-party defendant, Beck Welding and Manufacturing Inc., moves for an order pursuant to CPLR 3211 (subd. [a], par. 8) dismissing the third-party complaint on the ground that the court has no jurisdiction over the third-party defendant aforesaid.
It is undisputed that the afore-mentioned third-party defendant was served with the third-party complaint on July 21, 1967 in the State of Indiana. Said third-party defendant is an Indiana coporation and is not authorized to do business in the State of New York although it does have plants in other States besides Indiana.
The main action covers two separate suits for personal injuries and property damage resulting from an accident in Massachusetts in which an automobile and the travel trailer it was hauling jackknifed and collied with a guardrail. The third-party action against the instant third-party defendant is based on its manufacture of parts which were resold in New York State as part of the trailer unit involved in the accident. Both plaintiffs who were injured in the accident are New York State domiciliarios.
It is the claim of the third-party plaintiff, Layton Homes Corp. and Layton Travel Trailers Division of Skyline Homes, Inc. that CPLR 302 (subd. [a], par. 3, cl. [ii]) provides that this court may exercise personal jurisdiction because a tortious act was committed without the State causing injury to person or property within the State. The injury to the person or property within the State is alleged by the third-party plaintiffs aforesaid to be permanent visible injuries, permanent loss of income among many other such items of damage. CPLR 302 (subd. [a]) states as follows:
“ (a) * * * As to a cause of action arising from any of
the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomicilliary * * * who in person or through an agent: * * *
“ 3. commits a tortious act without the state causing injury to person or property within the state * * * if he * * *
“ (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce ”.
To resolve the instant motion the court is called upon to interpret CPLR 302 (subd. [a], par. 3). In other words must the tortious act committed without the State of New York physically cause the injury to the person or property within the State or only cause resultant damage from said injury?
*400 There is no clear holding among the decisions in the State of New York as to this issue since the statute we are called upon to interpret has only recently been passed (L. 1966, ch. 590, eff. Sept. 1, 1966). There are, however, certain indications how the courts would apply this phase in particular fact situations. Thus in Rose v. Sans Souci Hotel (51 Misc 2d 1099) the court held that jurisdiction over a Florida corporation organized and operating a hotel in Florida in the premises of which a New York plaintiff sustained injuries was not obtained by service of the office manager of a domestic corporation which solicited reservations for the defendant. In that case the court observed that jurisdiction would not be asserted under CPLR 302 (subd. [a], par. 3) since the tortious act did not cause injuries within the State. Similarly in Wilcox v. Pennsylvania R.R. Co. (269 F. Supp. 326) the plaintiff brought an action for personal injuries sustained on the defendant’s railroad track located outside the State of New York. There again the court held that CPLR 302 (subd. [a]) required the presence of an injury incurred within the State of New York. The court held that the physical injuries were sustained outside the limits of the State of New York and therefore the section in question did not apply to give jurisdiction. (See, also, Spectacular Promotions v. Radio Station WING, 272 F. Supp. 734. ) The rationale in that case seems cogent here. Certainly every person injured in an accident has resultant damage as well as the personal injury. He may suffer lost earnings, diminution of earning capacity, long periods of convalescence and all such attendant damages. Conceptually it is difficult for this court to hold that personal property injury in another State by virtue of a tortious act committed in that State can be said to have suffered some injury within the State of New York simply because he is domiciled here. In other words, CPLR 302 (subd. [a], par. 3) looks to the imparting of the original injury within the State of New York and not resultant damage, in order that jurisdiction might be effectuated. To hold otherwise would open a veritable Pandora’s box of litigation subjecting every conceivable prospective defendant involved in an accident with a New York domiciliary to defend actions brought against them in the State of New York. This is hardly the minimal contact with the State prerequisite to the exercise of its power over a prospective defendant. (Hanson v. Denckla, 357 U. S. 235, 251.)
For these reasons the third-party complaint against the third-party defendant, Beck Welding and Manufacturing, Inc., should be dismissed.