**SECURITY NATIONAL BANK,**
Plaintiff,

v.

**UBEX CORPORATION LIMITED** and
Thomas A. Tivey, Defendants and
Third-Party Plaintiffs,

v.

**CHEMICAL BANK AND TRUST**
**(HOUSTON, TEXAS)**, Third-
Party Defendant.

No. 75 Civ. 985.

United States District Court,
S. D. New York.

Nov. 25, 1975.

. Solomon M. Lowenbraun, New York City, for defendants and third-party plaintiffs UBEX Corp., Ltd., and Thomas A. Tivey. .

Dyche, Wright, Sullivan, Bailey & King by James P. Bailey, Houston, Tex., for third-party defendant Chemical Bank and Trust.

ROBERT L. CARTER, District Judge.

provisions. *See* 1 J. Moore, Federal Practice ¶ 0.146[5], at 1163 (2d ed. 1975) ; 7B J. Moore, Federal Practice § 1406 at J.C. 619 (2d ed. 1974).

## OPINION

Third-party defendant, Chemical Bank and Trust Company (Houston, Texas) moves to dismiss the third-party complaint of Ubex Corporation Limited and Thomas A. Tivey for lack of jurisdiction over the person, pursuant to Rule 12(b)(2), F.R.Civ.P. The motion is granted.

### FACTS

UBEX Corporation Limited ("UBEX") sold certain goods to National Paper Company, Inc. ("National"). As payment for these goods, National issued two promissory notes dated June 15, 1973, in the amounts of $35,700 and $20,488 payable to the order of UBEX at Chemical Bank and Trust, Houston, Texas ("Chemical"). The notes were due on September 17, 1973. In mid-July, 1973, Mr. Tivey, as President of UBEX, endorsed the two notes to Security National Bank ("Security") and delivered the notes to it. UBEX received the face amount of the notes from Security, less a discount. By September 5, 1973, Security had mailed the two notes to Chemical for payment. Chemical has apparently not paid Security for these notes, nor has Chemical returned the notes to Security. UBEX alleges in its third-party complaint that Chemical was designated as drawee on the notes; that Chemical failed to give notice of dishonor within the time fixed by statute; that Chemical failed to return the notes within a reasonable time subsequent to the due dates thereon; and that such failure by Chemical to return the notes constitutes a conversion.

### DISCUSSION

It is the contention of the third-party plaintiffs that since the court has jurisdiction over the main claim in this action, it retains ancillary jurisdiction over the third-party claims as well. While it is apparently conceded that the court would have ancillary *subject matter* jurisdiction over the related third-party claims in this action, *Dery v. Wyer*, 265 F.2d 804 (2d Cir. 1959), the court nonetheless lacks *in personam* jurisdiction over the third-party defendant and the third-party complaint must therefore be dismissed.

Despite the broad scope given to the concept of ancillary jurisdiction—particularly in the context of the liberal joinder requirements of the Federal Rules, the courts have declined to employ ancillary jurisdiction to eliminate the need for establishing an independent basis for personal jurisdiction over third-party defendants.

■ Indeed, it is the established rule in this Circuit that Rule 14(a) of the Federal Rules of Civil Procedure merely allows impleader. On its face, however, it does not provide an independent basis for *in personam* jurisdiction. *Agrashell, Inc. v. Bernard Sirotta Co.*, 344 F.2d 583, 585–86 (2d Cir. 1965); *Verner v. Moran Towing & Transportation Co.*, 258 F.Supp. 169, 172–73 (S.D.N.Y. 1966).[1] Professors Wright and Miller explain the rationale for this restriction as follows:

"The justification for this unwillingness is clear. The extension of subject matter jurisdiction serves to insure that multiple disputes arising out of the same transaction or event are adjudicated efficiently and with a minimum of inconvenience to the parties; however, the use of ancillary subject matter jurisdiction, standing alone, does not unduly burden the third-party defendant. But the elimination of the personal jurisdiction requirement in third-party actions might be extremely prejudicial to

---

1. In *Agrashell* and *Verner*, *supra*, both courts considered, but refused to decide the question of whether personal jurisdiction, in the sense of territorial domain, should be resolved by a rule fashioned especially for third-party claims. Both courts did find that such a rule, if formulated, would be no broader than CPLR § 302(a). 344 F.2d at 585; 258 F.Supp. at 173.

some individuals, possibly to the point of violating their rights under the due process clause of the Constitution if it had the effect of subjecting them to suit in highly inconvenient forums." 6 Wright & Miller, *Federal Practice and Procedure* § 1445, at 239–40 (1971).

Thus, the third-party defendant Chemical must be served pursuant to either federal or state service of process statutes. *Agrashell, Inc. v. Bernard Sirotta Co., supra.* Since Chemical is neither an inhabitant of New York nor found within the boundaries of the State of New York, F.R.Civ.P. 4(e), it must be served pursuant to the New York "Long Arm Statute," CPLR §§ 301 [2] and 302(a),[3] in order to be subject to personal jurisdiction in New York.

It is conceded that Chemical is neither "doing business" in New York within the meaning of CPLR § 301, or "transacting business" in New York within the meaning of CPLR § 302(a)(1).[4]

 Furthermore, Chemical has not committed any tortious act within New York—the jurisdictional basis of CPLR § 302(a)(2). Third-party plaintiff's cause of action against Chemical is for the alleged conversion of the notes,[5] and it is beyond dispute that an action for conversion sounds in tort. *See, e. g., Restatement (Second) of Torts* § 222A (1965). However, no tortious act has been committed in New York. If a conversion has occurred, it is by virtue of Chemical's failure to return the notes upon demand or to pay them—action (or inaction) which Chemical has taken in Texas, not in New York. "That the alleged tort . . . may have been completed or 'came to rest' in New York will not confer jurisdiction unless the acts or omissions complained of also occurred in New York." *Gildenhorn v.*

2. CPLR § 301 provides as follows:
 "A court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore."
 This section of the CPLR has been construed to provide personal jurisdiction over a foreign corporation "doing business" in New York in the traditional sense, i. e., "not occasionally or casually, but with a fair measure of permanence and continuity." *Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 267, 115 N.E. 915, 917 (1917).

3. CPLR § 302(a) provides as follows:
 (a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary, or his executor or administrator, who in person or through an agent:
 1. transacts any business within the state; or
 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
 (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from

goods used or consumed or services rendered, in the state, or
 (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
 4. owns, uses or possesses any real property situated within the state.

4. Affidavit of Daniel R. Mahoney, President of Chemical Bank and Trust Company, submitted in support of Third-Party Defendant's motion to dismiss. The uncontroverted affidavit relates that Chemical is a banking corporation organized under the laws of Texas and does business only within the state of Texas. Third-Party Plaintiff UBEX has failed to show by affidavit or otherwise, any facts that would indicate that Chemical was either "doing business" or "transacting business" in New York.

5. Section 3–419 of the Uniform Commercial Code provides as follows:
 (1) An instrument is converted when
 (a) a drawee to whom it is delivered for acceptance refuses to return it on demand; or
 (b) any person to whom it is delivered for payment refuses on demand either to pay or to return it; or
 (c) it is paid on a forged indorsement.

*Lum's Inc.*, 335 F.Supp. 329, 335 (S.D. N.Y.1971), *rev'd on other grounds sub nom. Schein v. Chasen*, 478 F.2d 817 (2d Cir. 1973), *vacated and remanded sub nom. Lehman Brothers v. Schein*, 416 U.S. 386, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974). *See, Wurtenberger v. Cunard Line Limited*, 370 F.Supp. 342, 344 (S.D.N.Y.1974). Thus, CPLR § 302(a) (2) cannot confer jurisdiction over the third-party defendant.

Finally, the third-party plaintiff has failed to allege any facts which would indicate that Chemical "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered" in New York. Indeed, the contrary affirmation has been made by Chemical.[6] Jurisdiction over Chemical cannot attach, therefore, by virtue of CPLR § 302(a)(3)(i).

Thus, jurisdiction over the third-party defendant in this action must attach, if at all, under CPLR § 302(a)(3)(ii) which provides that personal jurisdiction may be had over a nondomiciliary who, in person or through an agent:

"3. Commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate ·or international commerce."

**6.** See note 4, *supra*.

**7.** But see *General Motors Acceptance Corp. v. Richardson*, 59 Misc.2d 744, 300 N.Y.S.2d 757 (Sup.Ct.1969). There, a Pennsylvania auctioneer sold an automobile in which plaintiff held a security interest. Plaintiff sued for conversion and the court apparently assumed that conversion of the automobile in Pennsylvania caused injury to the plaintiff in New York (at least for jurisdictional purposes) merely because plaintiff was domiciled or doing business here. This decision has been sharply criticized. Thus, for example, Professor McLaughlin has commented: ˙ "The conclusion reached by the court seems to assume that if the plaintiff is in

■■ It should be noted at the outset that "commercial" tortious activity, as well as that of a physical nature may be covered by Section 302 in an appropriate case. *Lehigh Valley Industries, Inc. v. Birenbaum*, 389 F.Supp. 798, 804 (S.D.N.Y.1975); *Car-Freshner Corp. v. Broadway Manufacturing Co.*, 337 F. Supp. 618 (S.D.N.Y.1971); *Path Instruments International Corp. v. Asahi Optical Co.*, 312 F.Supp. 805 (S.D.N.Y.1970). It appears, however, that all the requirements of § 302(a)(3)(ii) have not been met, as they all must be, for jurisdiction to attach under that section. *American Eutectic Welding Alloys Sales Co. v. Dytron Alloys Corp.*, 439 F.2d 428, 432 (2d Cir. 1971). First, there is an insufficient showing that an "injury to person or property" has occurred "within the state." It would appear that any injury to UBEX within New York has occurred, if at all, solely by virtue of UBEX doing business here. It has been held, however, that for purposes of jurisdiction under CPLR § 302(a)(3)(ii), the requisite injury in New York must be of a direct nature and not a remote, derivative, or consequential injury which occurs in New York only because the plaintiff is domiciled, incorporated or doing business here. *American Eutectic Welding Alloys Sales Co. v. Dytron Alloys Corp., supra*, 439 F.2d at 433, citing *Friedr. Zoellner (New York) Corp. v. Tex Metals Co.*, 396 F.2d 300, 303 (2d Cir. 1968). *See also, Lehigh Valley Industries, Inc., supra*, 389 F.Supp. at 804.[7] In other words, CPLR § 302(a)(3)

New York when the injury occurs, the injury must occur in this state. The potential of so sweeping a doctrine is enormous, and it is suggested, in many cases would violate due process." J. McLaughlin, Practice Commentaries, CPLR § 302, at 88 (McKinney 1972).
*See American Eutectic Welding Alloys Sales* ˙ *Co. v. Dytron Alloys Corp., supra*, 439 F.2d at 434. To the extent that *General Motors, supra*, reached the issue of "injury within the state" as a jurisdictional question, I believe it is not a controlling expression of New York law on that subject.

looks to the imparting of the original injury within the State of New York and not to the resulting damage which may be consequentially caused there in order that jurisdiction might be effectuated. *Black v. Oberle Rentals, Inc.,* 55 Misc.2d 398, 285 N.Y.S.2d 226 (Sup.Ct.1967). Thus, in *American Eutectic Welding Alloys Sales Co., supra,* the court suggested that to find jurisdiction under CPLR § 302(a)(3)(ii) where the injury occurred in New York solely because of plaintiff's domicile there would "raise a serious constitutional question whether 'the twin tests of fairness-reasonableness to the defendant on the one side and territorial respect for sister states' due spheres on the other' were met." 439 F.2d at 435.[8]

■ Second, while the lack of injury in New York itself precludes a finding of personal jurisdiction under CPLR § 302(a)(3)(ii), we may also note that third-party plaintiffs have failed to show that Chemical received substantial revenue from interstate or international commerce. Again, Chemical's uncontroverted affidavit is to the contrary.[9]

Accordingly, Chemical Bank and Trust Company's motion to dismiss for lack of jurisdiction over the person is granted without prejudice to the renewal of this action by the third-party plaintiff in an appropriate forum.

Chemical has failed to make any arguments in support of its motion to dismiss for failure to state a claim. The issues have not been briefed by either party and it is obvious that on the present state of the record the motion is merely makeweight. Accordingly, Chemical Bank and Trust Company's motion to dismiss for failure to state a claim upon which relief can be granted is hereby denied.

So ordered.

---

8. In any event, even were we to predicate jurisdiction based on indirect injury, since the third-party plaintiff, UBEX, is a corporation organized under the laws of the State of Delaware, with principal offices in New Jersey, and since the third-party plaintiff Thomas A. Tivey is a New Jersey resident, it is difficult to conceive of any injury being sustained by these third-party plaintiffs in New York even if by virtue of their residence alone.

9. See note 4, *supra.* The burden of establishing jurisdiction rests upon the party asserting it and the plaintiff is bound to come forward with definite evidentiary facts to support the propriety of out-of-state service. *Badger v. Lehigh Valley Railroad Co.,* 45 A. D.2d 601, 360 N.Y.S.2d 523 (4th Dept. 1974). Thus in order to obtain long-arm jurisdiction under CPLR § 302 plaintiff must establish "at least threshold jurisdiction." *United States v. Montreal Trust Company,* 358 F.2d 239, 242 (2d Cir.), *cert. denied,* 384 U.S. 919, 86 S.Ct. 1366, 16 L.Ed.2d 440 (1966); *Peterson v. Spartan Industries, Inc.,* 33 N.Y.2d 463, 467, 354 N.Y.S.2d 905, 908, 310 N.E.2d 513, 515 (1974). If this jurisdictional threshold is met, plaintiff may thereafter prove the facts upon which jurisdiction was based at trial by a preponderance of the evidence. It is clear that third-party plaintiff has failed to make such a prima facie showing with respect to any possible jurisdictional theory.