**PATRICK NOEL and CATHERINE NOEL, Plaintiffs**
**v.**

**DOCTOR KARL HORN and SAN JORGE HOSPITAL,**
**Defendants**

Civil No. 82/44

District Court of the Virgin Islands

Div. of St. Croix

June 29, 1982

RANDALL S. JOHNS, ESQ., Christiansted, St. Croix, V.I., *for plaintiffs*

R. ERIC MOORE, ESQ., Christiansted. St. Croix, V.I., *for defendants*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

Defendants, Dr. Karl Horn ("Dr. Horn") and San Jorge Hospital (the "Hospital"), have moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b) on the grounds of lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient and ineffective service of process and improper venue. Oral argument by counsel was held on May 12, 1982. For the reasons set forth below, the Court has determined that neither defendant is subject to the personal jurisdiction of this Court.[1] Defendants' motion to dismiss will therefore be granted and the action will be dismissed as against both defendants.

## FACTS

Plaintiffs, Patrick Noel ("Mr. Noel") and his wife Catherine, both residents of the Virgin Islands, instituted this medical malpractice suit against Dr. Horn and his employer, the Hospital, for $1 million in damages.[2] Dr. Horn is a resident of, and maintains his practice in, Puerto Rico, and the Hospital is also located and does business in Puerto Rico.

As a result of a work-related hip injury which occurred in St. Croix, Mr. Noel was referred by the V.I. Workmen's Compensation Board to Dr. Horn, an orthopedic surgeon. Mr. Noel travelled to Puerto Rico and underwent surgery performed by Dr. Horn in the Hospital on September 22, 1980. He then made two follow-up visits to Dr. Horn in Puerto Rico. Plaintiffs have not alleged that Dr. Horn ever treated Mr. Noel in a professional capacity in the Virgin Islands.

According to plaintiffs, subsequent examination revealed that the calcification mass causing Mr. Noel's pain had not been properly removed from Mr. Noel's hip by Dr. Horn and that Mr. Noel suffered from post operative infection. The present suit for malpractice against Dr. Horn and the Hospital is based on Dr. Horn's alleged

---

[1] In light of the Court's finding that the defendants are not subject to in personam jurisdiction in this territory, it will not be necessary to address the other three grounds for dismissal raised by defendants in their motion.

[2] Catherine Noel is suing derivatively, alleging loss of consortium and loss of her husband's services.

negligence in not properly performing the surgery and his alleged negligent post operative care.

## I. DEFENDANTS ARE NOT SUBJECT TO PERSONAL JURISDICTION UNDER 5 V.I.C. § 4903(a)(4) SINCE THERE WAS NO TORTIOUS INJURY SUFFERED IN THE VIRGIN ISLANDS

Plaintiffs have relied, both in their memorandum in opposition to motion to dismiss ("Plaintiffs' Memo") and in oral argument, upon 5 V.I.C. § 4903(a)(4) of the Virgin Islands long-arm statute, as the basis for personal jurisdiction over defendants. Section 4903(a)(4), pertaining to nonforum related activity, provides:

> A court may exercise personal jurisdiction over a person, who acts directly or by agent, as to a claim for relief arising from the person's
> . . .
> (4) *causing tortious injury in this territory* by an act or omission outside this territory if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this territory. 5 V.I.C. § 4903(a)(4) (1967) (emphasis supplied).

As evidenced by the statute, two elements must be present if personal jurisdiction is to rest on § 4903(a)(4). First, there must be an act or omission done outside the Virgin Islands, causing injury in the Virgin Islands and second, the person causing the injury must either regularly do business in the Virgin Islands, engage in a persistent course of conduct in the Virgin Islands or derive substantial revenue from goods used or services rendered here.

Plaintiffs concede that both the act of negligence by Dr. Horn and the initial injury suffered by Mr. Noel occurred in Puerto Rico,[3] obviously outside this forum. However, plaintiffs attempt to meet the requisite "injury in the Virgin Islands" test by claiming that the injury was continuing in nature and that the original injury in Puerto Rico continued when Mr. Noel returned to St. Croix. Plaintiffs argue that because of Dr. Horn's negligent surgery and follow-up care, Mr. Noel was required to seek medical treatment in St. Croix and thus Dr. Horn's actions had direct consequences in the Virgin Islands.

---

[3] Plaintiffs' Memo at 3.

Recent case law in this jurisdiction and general public policy considerations compel this Court to reject plaintiffs' arguments and to find that § 4309(a)(4) may not serve as the predicate for personal jurisdiction over defendants. This determination is based on our finding that Mr. Noel did not suffer any tortious injury in the Virgin Islands.[4]

While the facts in Carty v. Beech Aircraft Corp., 679 F.2d 1051 (3rd Cir. May 21, 1982), a consolidated wrongful death action, are not identical to those before us, the Carty decision must be looked to as providing an authoritative guideline for the proper application of § 4903(a)(4). In Carty, personal representatives of the deceased passengers and pilot of an airplane which crashed en route from St. Maarten to Anguilla, B.W.I., sued the commuter airline, Valley Air, the manufacturer of the plane's engines and the manufacturer of certain engine components in this forum. Valley Air cross claimed against the manufacturers for property damage for the loss of its plane.[5]

The Third Circuit in Carty held that the "injury" suffered by Valley Air, for the jurisdictional purposes of § 4903(a)(4), took place where the property, i.e. the plane, was damaged. We are fully aware that this holding was restricted to an action by a commercial entity for tortious injury to its physical property.[6] However, the cases relied upon by the Third Circuit to reach their decision indicate that the statutory reference in § 4903(a)(4) to the place of injury is intended to mean the place where the original injury was inflicted or imparted, rather than the place of the resultant damage. Carty, supra at 1064, interpreting Black v. Oberle Rentals, Inc., 55 Misc. 2d

---

[4] Since the first element of § 4903(a)(4) has not been satisfied, this Court will not comment on whether there was "some other reasonable connection" between the V.I. and the defendants, the second requirement of the section. We do, however, make passing reference to Aaron Ferer & Sons Co. v. Atlas Scrap Iron & Metal Co., 558 F.2d 450, 455 n.6 (8th Cir. 1977) (in determining whether personal jurisdiction exists, it is a defendant's contacts "with the forum *state* that are of interest" and "not its contacts with a resident.") (Emphasis in original.)

[5] The portion of the Carty decision which is relevant to the case before us concerns the Third Circuit's reversal of the District Court's denial of a motion to dismiss Valley Air's cross claim for lack of personal jurisdiction under § 4903(a)(4). See Carty, supra at 1058–1065.

[6] We also note that the Third Circuit left open the question of whether there is a distinction for jurisdictional purposes between commercial "injuries" and other injuries. Carty, supra at 1063.

398, 285 N.Y.S.2d 226 (Sup. Ct. 1967).[7] See, also, Shong Ching Lau v. Change, 415 F.Supp. 627, 629–30 (E.D. Pa. 1976).

In the Oberle Rentals case cited in Carty, plaintiffs, New York domiciliaries, suffered personal injuries and property damage resulting from an automobile accident in Massachusetts due to allegedly defective trailer parts. Applying the provision of the New York long-arm statute substantially similar to § 4903(a)(4), the New York court dismissed the third party claim against the trailer manufacturer, an Indiana corporation not authorized to do business in New York, on the grounds of lack of personal jurisdiction. The court held that the tortious act committed outside New York must impart the original injury to the person or property *within* New York in order to effectuate jurisdiction,[8] saying that

> To hold otherwise would open a veritable Pandora's box of lit-igation subjecting every conceivable prospective defendant involved in an accident with a New York domiciliary to defend actions brought against them in the State of New York. This is hardly the minimum contact with the State prerequisite to the exercise of its power over a prospective defendant. 285 N.Y.S.2d at 229 (citation omitted).

The reasoning in several medical malpractice cases supports our determination that personal jurisdiction can only be based on injury caused within the forum. In Kurtz v. Draur, 434 F.Supp. 958 (E.D. Pa. 1977), for example, plaintiff, a Pennsylvania resident and admin-istratrix of her husband's estate, filed a medical malpractice action in Pennsylvania against the defendant doctor, a Nebraska resident, and the professional corporation employing him. Plaintiff alleged that the Nebraska physician was negligent in the treatment of her husband in a Nebraska hospital and further, that the doctor was negligent in making an improper diagnosis, failing to obtain another medical opinion and failing to provide adequate follow up care.

---

[7] Significantly, Oberle Rentals was deemed by the Third Circuit in Carty to present an issue "somewhat analogous" to the one before it and therefore to be of prece-dential value. Since the facts in Oberle Rentals are even closer to those in the instant proceeding, we find the law in Oberle Rentals to be reliable authority for our determination that there was no "tortious injury" suffered by Mr. Noel in the Virgin Islands.

[8] The court, in Oberle Rentals, also recognized that every person injured in an acci-dent has resultant damage as well as the actual personal injury, and that such person cannot be found to have suffered injury within New York simply because he was domiciled in New York. 285 N.Y.S.2d at 229.

The Draur court held that the physician's conduct could not be characterized as "causing harm within this Commonwealth", as defined in the Pennsylvania long-arm statute,[9] and therefore determined that it had no personal jurisdiction over defendant. Forming the basis for the court's decision was the fact that the alleged negligent acts of the doctor occurred in Nebraska, as did the harm which he allegedly caused. Although the court recognized that the alleged results of the out-of-state injury occurred in Pennsylvania, this was deemed not to be the type of "in-state harm" contemplated by the Pennsylvania statute.

Similarly, in McAndrew v. Burnett, 374 F.Supp. 460, 463 (M.D. Pa. 1974), a wrongful death action instituted in Pennsylvania, a New York doctor defendant who had allegedly negligently left a hemostat in the decedent's body during an operation performed in New York, was found not to have "caused harm" in Pennsylvania. Pointing out that the doctor-patient relationship between the doctor and the decedent existed only in New York, the court stated:

> Nor can defendant be considered as having caused "any harm" in Pennsylvania within the meaning of 42 P.S. § 8305. The harm to decedent was done in New York when the hemostat was allegedly left in his body. That a continuing injury was at some point suffered by the decedent in Pennsylvania, and that the existence of the hemostat in his body was discovered here, does not in my view constitute the sort of harm which may serve as a basis for extraterritorial service under 42 P.S. § 8305.

Attempts to base jurisdiction on remote or consequential injuries which occur in a particular forum, simply because a plaintiff lives there, have been expressly rejected by the Third Circuit. Carty, supra at 1058–1064. Thus, Mr. Noel's claim of jurisdiction under § 4903(a)(4) because his injuries continued upon his return home to the Virgin Islands as a direct consequence of defendants' alleged negligence in Puerto Rico, must be rejected.[10] Under Carty

---

[9] As quoted in pertinent part in Draur, 434 F.Supp. at 961, 42 Pa. C.S.A. § 8305 of the Pennsylvania long-arm statute provides:

Any nonresident of this Commonwealth who, acting outside of this Commonwealth, individually, . . . or through an agent, servant or employee, *shall have caused any harm within this Commonwealth* on or after August 30, 1970, shall be subject to service of process in any civil action or proceeding instituted in the courts of this Commonwealth arising out of or by reason of any such conduct. (Emphasis supplied.)

[10] The Third Circuit emphasized the importance of distinguishing between possible "consequences" and "legal injury," Carty, supra at 1064, and disagreed with the

and the cases cited herein, jurisdiction under § 4903(a)(4) cannot be premised on any resultant economic or physical harm which Mr. Noel might have suffered in the Virgin Islands, where the "legal injury" to Mr. Noel in fact occurred *outside* the Virgin Islands.

## II. PUBLIC POLICY CONSIDERATIONS SUPPORT THE DETERMINATION THAT DEFENDANTS ARE NOT SUBJECT TO PERSONAL JURISDICTION

Dr. Horn's professional services were not performed in the Virgin Islands but in Puerto Rico, a foreign jurisdiction. Mr. Noel voluntarily travelled outside of this jurisdiction to Puerto Rico so he could avail himself of the medical benefits there.

It seems clear to this Court that the services of a physician are personal in nature and Mr. Noel, by travelling to Puerto Rico where he knew the services would be rendered, realized that the services were directed to himself personally and not to any place where he might live or choose to travel. The notion of medical malpractice as a "portable tort" was explicitly rejected in Wright v. Yackley, 459 F.2d 287, 289–90 (9th Cir. 1972), wherein the Ninth Circuit stated:

> However, the idea that tortious rendition of such services is a portable tort which can be deemed to have been committed wherever the consequences foreseeably were felt is wholly inconsistent with the public interest in having services of this sort generally available. Medical services in particular should not be proscribed by the doctor's concerns as to where the patient may carry the consequences of his treatment and in what distant lands he may be called upon to defend it.

Thus, it would be unfair to permit a suit in this jurisdiction simply because Mr. Noel carried back to the Virgin Islands the consequences of Dr. Horn's alleged negligent treatment in Puerto Rico. Any other rule would have a decidedly negative effect on the availability of the services of physicians to foreign residents. See Gelineau v. New York University Hospital, 375 F.Supp. 661, 667–78 (D.N.J. 1974).

■ We might also note that if Mr. Noel could travel to a foreign jurisdiction several times for treatment, it is not unreasonable to require him to return to that jurisdiction if he contends that the treatment he received in Puerto Rico was negligently performed.

district court's conclusion below that Valley Air suffered injury in the Virgin Islands because that was the location of its principal place of business.

Neither Dr. Horn nor his employer, the Hospital, ever availed themselves of the privileges of conducting business within this forum and should not be compelled to defend a lawsuit here.

Accordingly, defendants' motion to dismiss the action for lack of personal jurisdiction will be granted.

### ORDER

THIS COURT, having considered defendants' motion to dismiss, plaintiffs' memorandum in opposition and having heard oral argument by counsel on May 12, 1982, now then it is

ORDERED:

THAT defendants' motion to dismiss be, and hereby is, GRANTED, with prejudice.